**Rose A. and Charles A. DONOVAN,
as parents of Tralane Donovan,
Petitioners,**

**v.**

**SECRETARY OF THE DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.**

**No. 90–997V.**

United States Court of Federal Claims.

May 10, 1993.
As Corrected May 26, 1993.

Nathan M. Belofsky, Yonkers, NY, for petitioners. Gerald A. Novack and Michael E. Gerzog, Lord Day & Lord, Barrett Smith, New York City, of counsel.

Caroline Gosse Elmendorf, Washington, DC, with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for respondent.

### *ORDER*

NETTESHEIM, Judge.

This matter is before the court on a special master's assignment of petitioners' motion to vacate judgment filed under RCFC Rule 60(b). Respondent requests that petitioners' motion be denied. Argument is deemed unnecessary.

### FACTS

On September 14, 1990, Charles A. and Rose A. Donovan ("petitioners"), as parents of Tralane Donovan, filled a petition in the United States Claims Court alleging that Tralane suffered symptoms and manifestations of an encephalopathy and of a residual seizure disorder within three days after he received diphtheria-pertussis-tetanus vaccinations on April 24, 1979, and June 14, 1979. Petitioners sought compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1 –300aa–34 (1988), *as amended* by several public laws, codified in 42 U.S.C.A. §§ 300aa–1 –300aa–34 (West Supp.1992) (the "Vaccine Act").

After discussing thoroughly the deficiencies in the petition during two comprehensive and substantive conferences with the parties, Special Master John F. Edwards determined that petitioners had failed to establish a prima facie case and subsequently entered his decision denying entitlement. *Donovan v. Secretary of DHHS*, No. 90–997V (Cl.Ct.Spec.Mstr. Jan. 23, 1992). The special master directed the Clerk of the Court to enter judgment dis-

missing the petition. Since neither party sought review of the decision on entitlement as provided by RCFC Appendix J, the Clerk entered judgment on February 25, 1992.[1]

On January 4, 1993, petitioners submitted a RCFC Rule 60(b) motion to vacate judgment.[2] On March 15, 1993, the special master directed the Clerk to assign petitioners' motion to vacate judgment to a Court of Federal Claims judge.

## DISCUSSION

█ █ The Court of Federal Claims' jurisdiction in vaccine cases is defined by the Vaccine Act itself. *See UNR Industries, Inc. v. United States*, 962 F.2d 1013, 1025 (Fed.Cir.), *cert. granted*, ── U.S. ──, 113 S.Ct. 373, 121 L.Ed.2d 285 (1992). Section 12(e) of the Vaccine Act, entitled "Court Jurisdiction," delimits the scope of the court's jurisdiction. *See Widdoss v. Secretary of DHHS*, 989 F.2d 1170–1177 (Fed. Cir.1993) ("[T]he claims court's jurisdiction to hear appeals under the Vaccine Act is 'unambiguously circumscribed by the plain language of [section 300aa–12(e)(2) ].... ' ") (quoting *Wilson v. Secretary of DHHS*, 23 Cl.Ct. 169, 171 (1991), *aff'd*, 960 F.2d 156 (Fed.Cir.1992) (Table)). That provision of the Vaccine Act conditions the court's jurisdiction on the filing of a motion for review within 30 days after the issuance of a special master's decision. *See* 42 U.S.C.A. § 300aa–12(e). When a party does not comply with the 30–day time period for filing a motion for review with the Court of Federal Claims, "the clerk's entry of judgment ends the matter....", and the party thus waives the right of appeal to the Court of Federal Claims. *Grimes v. Secretary of DHHS*, 988 F.2d 1196–1198 (Fed. Cir.1993).

█ In this case petitioners did not seek a timely review in the Court of Federal Claims. Upon expiration of the 30–day

time limit, the Clerk entered judgment as required by statute. Having taken no action within the statutory time limit for appeal, petitioners have no option to seek review in this court.

█ The court also lacks jurisdiction to consider petitioners' motion to vacate judgment as filed under RCFC Rule 60(b). In *Widdoss v. United States*, 24 Cl.Ct. 547, 552 (1991), *rev'd*, 989 F.2d 1170, the trial court granted petitioners' Rule 60(b) motion for relief from judgment reflecting its view that such relief is "clearly allowable under the Vaccine Rules and in accordance with the spirit and purpose of the Vaccine Act." (Citation omitted.) However, since the issuance of the special master's order of referral, the United States Court of Appeals for the Federal Circuit reversed the Court of Federal Claims' acquiescence to jurisdiction in that case.

The 30–day time period is jurisdictional, so application of RCFC Rule 60(b) to authorize the court to review petitioners' motion is of no effect since a court rule cannot be used to escape a jurisdictional limitation. *Widdoss*, at 1177. Finally, it is settled law in the Federal Circuit that RCFC Rule 60(b) "cannot be employed to toll, extend, or waive the time period in which to appeal." *Id.*, at 1178.

The special master referred petitioners' motion to the Court of Federal Claims because the rules governing the procedures before the Office of the Special Master did not provide for a Rule 60(b) to offer a petitioner relief from judgment. The withholding of such authority was calculated. When the Claims Court promulgated the rules for the Office of Special Masters, it confronted an unprecedented type of review embodied in the Vaccine Act. As originally enacted, the Vaccine Act provided for two levels of factfinding. As administrative factfinder, the special master ini-

---

1. RCFC Appendix J Rule 11(a) states that in the absence of the filing of a motion for review within 30 days of the filing of the special master's decision, or prior to the expiration of such period, each party may file a notice stating that it will not seek such review. In such a case, the Clerk shall forthwith enter judgment in accordance with the special master's decision.

2. RCFC Rule 60(b)(6) provides, in relevant part, that the court may relieve a party from a final judgment for any reason justifying relief from the operation of the judgment.

tially found facts; the Claims Court was required to review them de novo. *See Davis v. Secretary of DHHS*, 19 Cl.Ct. 134, 140–41 (1989); *see also Bradley v. Secretary of DHHS*, 991 F.2d 1570, 1572 (Fed. Cir.1993) (Plager, J., concurring in part and dissenting in part). Further review by the Court of Appeals for the Federal Circuit presumably was to be administered under the arbitrary and capricious standard.

Congress amended the Vaccine Act to restrict the Court of Federal Claims' review consistent with the arbitrary and capricious standard. 42 U.S.C.A. § 300aa–12(e)(2); *see Hale v. Secretary of DHHS*, 22 Cl.Ct. 403, 415 (1991). This development regularized the review consistent with judicial review of other administrative factfinders. This solution posed a problem to the appeals court, recently addressed at length in *Bradley*, 991 F.2d at 1574 n. 3 & 1576 n. 4 (Plager, J., concurring in part and dissenting in part, at 1–6). The conundrum presented is whether appellate court review of a Court of Federal Claims judgment is de novo, which devolves to reviewing the decision of a special master directly to see whether it was arbitrary and capricious, or whether the review is based on the arbitrary and capricious standard. This seemingly semantic distinction is of significant practical import to the fisc, on the one hand, and to the Court of Federal Claims, on the other. The interests of the taxpayer are implicated, because the taxpayer is paying for petitioners' judicial review through the appellate process. It is altogether unprecedented that Congress would fashion an appeals system that encourages successive redundant judicial review, while providing a mechanism for reimbursing the attorneys' fees of private parties employing that process. 42 U.S.C.A. § 300aa–15(e)(1); *Hines v. Secretary of DHHS*, 26 Cl.Ct. 114 (1992). Although it is true that the Vaccine Act sets up a trust fund that ostensibly pays for judgments, this trust fund does not reimburse the Government for legal services expended by the Department of Health and Human Services and the Department of Justice in defending against petitions for review.

It is the court's duty to carry out faithfully the dictates of Congress, and no one has suggested that the court has been less than scrupulous in adhering to the requirements of the Vaccine Act. As the concurring and dissenting opinion in *Bradley* makes clear, however, the effect of the current appellate review is to duplicate the task assigned to the Court of Federal Claims. In other words, the appellate court re-reviews all the work of special master that has been reviewed by the Court of Federal Claims in order to determine whether the judgment of the Court of Federal Claims should stand. Whether Congress intended this precise result can be debated, as *Bradley* dramatizes. Nonetheless, it is a fact that this result obtains at present and results in an obvious duplication of judicial resources. It would appear that the one prescient act taken by the Claims Court in implementing the Vaccine Act was to foreclose Rule 60(b)-type relief, in that no reason exists to afford petitioners in Vaccine Act cases three bites at the apple, when they have been granted, with the potential for reimbursement of attorneys' fees and costs, two opportunities for the same judicial review.

### CONCLUSION

Based on the foregoing, the special master's assignment of petitioners' motion to the Court of Federal Claims is vacated, and the matter is remanded to the special master with instructions to deny the motion.

No costs on review.