James M. PATTON and Joann Patton, Legal Guardians for Thomas Edward Patton, Petitioners–Appellants,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent–Appellee.

Nos. 93–5187, 94–5002.

United States Court of Appeals, Federal Circuit.

June 2, 1994.

Jeffrey D. Swick, Feinstein & Mulligan, Columbus, OH, submitted for petitioners-appellants.

Mark W. Rogers, Atty., Dept. of Justice, Washington, DC, argued for respondent-appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., Helene M. Goldberg, Director and John Lodge Euler, Deputy Director.

Before NEWMAN, MAYER, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

James M. and Joann Patton, legal guardians for their son, Thomas Edward Patton, appeal from the June 7, 1993 judgment of the United States Court of Federal Claims [1] reinstating its earlier judgment of September 29, 1992 entered in accordance with a special master's decision awarding compensation for vaccine-related injuries under the National Vaccine Injury Compensation Program, but omitting an award for pain and suffering. *Patton v. Secretary of Dep't of Health &*

---

**1.** Pursuant to Title IX of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506, the United States Claims Court was renamed the United States Court of Federal Claims effective October 29, 1992.

*Human Servs.*, 28 Fed.Cl. 532 (1993) (opinion). The Pattons also appeal from a separate judgment denying their motion under Rule 60 of the Rules of the Court of Federal Claims to amend the September 29, 1992 judgment.[2] *Patton v. Secretary of the Dep't of Health and Human Servs.*, No. 90–1094 V (Ct.Fed.Cl. Aug. 5, 1993). We affirm-in-part, vacate-in-part, and remand.

## BACKGROUND

On September 20, 1990, a petition was filed by the Pattons under the National Childhood Vaccine Injury Act of 1986, Pub.L. No. 99–660, § 311(a), 100 Stat. 3758 (codified as amended at 42 U.S.C. §§ 300aa–1 to 300aa–34 (1988 & Supp. II 1990)) ("the Act" or "Vaccine Act") seeking compensation for injuries allegedly sustained by their son after he received a diphtheria-pertussis-tetanus vaccination on December 24, 1959. The petition also contained claims requesting compensation for loss of earnings and pain and suffering pursuant to 42 U.S.C. § 300aa–15(a)(3), (4).

The case was assigned to a special master who conducted proceedings to determine whether the Pattons were entitled to an award, and if so, the amount of such award. 42 U.S.C. § 300aa–12(d); Vaccine Rule 3. On April 20, 1992, the special master issued her decision, finding in favor of the Pattons on the issue of entitlement and determining the amount of compensation due. Pursuant to Vaccine Rule 10(b), the special master deferred ruling on the claims for pain and suffering and loss of earnings until she issued her decision regarding attorneys' fees and other costs. Both parties declined to seek review of the special master's decision and the Court of Federal Claims entered judgment in accordance with that decision on May 22, 1992. *See* 42 U.S.C. § 300aa–12(e)(3); Vaccine Rule 11(a). On June 15,

1992, the Pattons elected to accept the court's judgment. *See* 42 U.S.C. § 300aa–21(a); Vaccine R. 12(a).

In an application filed on July 6, 1992, and later amended on July 20, 1992, petitioners requested attorneys' fees and costs incurred in the proceeding before the special master pursuant to 42 U.S.C. § 300aa–15(e) and Vaccine Rule 13. On August 28, 1992, the special master awarded petitioners $16,157.01 for attorneys' fees and costs. Review of the special master's decision was not sought by either party and judgment was entered by the Court of Federal Claims in accordance with that decision on September 29, 1992. The special master's decision, however, did not address the Pattons' claims for compensation for pain and suffering and loss of earnings.

On November 11, 1992, the Pattons filed a "motion for relief" under Vaccine Rule 1 requesting that the special master amend her August 28, 1992 decision to award an additional $13,842.99 [3] as compensation for pain and suffering and future earnings. The government opposed the Pattons' motion, arguing that the special master lacked jurisdiction under the Act to modify her decision once the Court of Federal Claims entered final judgment in accordance with that decision.

The special master rejected the government's jurisdictional challenge, concluding that jurisdiction does "not shift[ ] away from the Office of the Special Masters" absent a motion for review filed pursuant to 42 U.S.C. § 300aa–12(e)(1). In addition, the special master concluded that she possessed "inherent authority" to correct her own mistakes, similar to that of the Court of Federal Claims under Rule 60 of the Rules of the United States Court of Federal Claims (RCFC),[4] because "the power of the special

---

2. The two appeals were consolidated by order of this court on October 29, 1993.

3. That amount constituted the balance of the maximum award allowable under section 15 of the Act for lost earnings, pain and suffering, and attorneys' fees and costs when the vaccine was administered before the Act's effective date of October 1, 1988. 42 U.S.C. § 300aa–15(b) ($30,000 cap).

4. RCFC 60 is a "virtual duplicate" of the Fed. R.Civ.P. 60. *See Information Sys. & Network Corp. v. United States*, 994 F.2d 792, 794 n. 3 (Fed.Cir.1993). *See also* RCFC, Foreword (revised effective March 15, 1992) ("The rules of the United States Court of Federal Claims are based upon the Federal Rules of Civil Procedure."). Therefore, we may rely on cases addressing Fed.

master to do so can be assumed" and because such power is consistent with the mandate under Vaccine Rule 1 to "decide, cases promptly and efficiently."

On the merits, the special master acknowledged that she had "inadvertently omitted an award for pain and suffering" in her August 28, 1992 decision awarding attorneys' fees and costs and issued an "Order to Amend" correcting that mistake on January 11, 1993. Accordingly, she awarded the Pattons $13,-842.99 for pain and suffering and emotional distress.

The government moved for review of the Order by the Court of Federal Claims. The government reasserted its contention that the special master was without jurisdiction under the Vaccine Act to modify her decision after it was reduced to a final judgment, notwithstanding that she had mistakenly omitted an award for pain and suffering. The Court of Federal Claims agreed, holding as a matter of law that a special master lacks authority to amend her decision once judgment is entered thereon by the court. *Patton,* 28 Fed.Cl. at 535–37. The court further rejected the special master's conclusion that she possessed inherent authority to grant Rule 60–type relief to correct her decision. The court found that Rule 60 is not incorporated into the Vaccine Rules and that those rules are devoid of any provision upon which such inherent authority can be based. *Id.* at 537–39.

Accordingly, on June 7, 1993, judgment was entered by the court vacating the special master's Order to Amend and reinstating the court's original judgment of September 29, 1992. On July 20, 1993, the Pattons moved for relief under Rule 60 from the court's judgment, requesting that the court amend the judgment to award damages for pain and suffering and emotional distress in the amount of $13,842.99. The motion was denied.

The Pattons now appeal from both the court's judgment reinstating the terms of the

special master's original decision and the court's denial of their motion for relief under Rule 60.

## DISCUSSION

### I. Special Master's Authority to Amend

■ "[I]n a case arising under the 1989 amendments to the Vaccine Act,[5] we review *de novo* the [Court of Federal Claims'] determination as to whether or not the special master's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. In effect, then, we review the underlying decision of the special master under the ... standard[s] of § 300aa–12(e)(2)(B)." *Hines v. Secretary of the Dep't of Health & Human Servs.,* 940 F.2d 1518, 1524 (Fed.Cir.1991). *See also Edgar v. Secretary of the Dep't of Health & Human Servs.,* 989 F.2d 473, 475 (Fed.Cir. 1993); *Bradley v. Secretary of the Dep't of Health & Human Servs.,* 991 F.2d 1570, 1574 (Fed.Cir.1993); *Grant v. Secretary of the Dep't Health & Human Servs.,* 956 F.2d 1144, 1146 (Fed.Cir.1992). Whether the special master has jurisdiction to amend her decision after the Court of Federal Claims has entered judgment thereon is a legal question which we review *de novo. See Widdoss v. Secretary of Health & Human Services,* 989 F.2d 1170, 1174 (Fed.Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993); *Whitecotton v. Secretary of the Dep't Health & Human Servs.,* 17 F.3d 374, 376 (Fed.Cir.1994).

In granting the government's motion to vacate the special master's Order to Amend, the trial court found that there was no legal basis to support the special master's conclusion that she retained jurisdiction to correct her decision after a judgment was entered by the court. The court identified two events by which the special master is divested of jurisdiction under the Vaccine Act. First, if a motion for review is filed by either party within 30 days of the issuance of a special

R.Civ.P. 60 and we shall refer to RCFC 60 throughout the opinion as "Rule 60."

5. The amendments under the Omnibus Budget Reconciliation Act of 1989, Pub.L. 101–239, § 6601(*l*)(1), 103 Stat. 2106, 2290 (1989) apply

to petitions filed after December 19, 1989 and to pending petitions in which the evidentiary record was not closed. 42 U.S.C. §§ 300aa–10 note (1) (Supp. I 1989).

master's decision, the Court of Federal Claims assumes exclusive jurisdiction over the case.[6] *See* 42 U.S.C. § 300aa–12(e)(2). Once such a motion is properly filed, jurisdiction passes to the court and the special master's jurisdiction reattaches only if the case is subsequently remanded for further action. *See* 42 U.S.C. § 300aa–12(e)(2)(C). Second, if the parties fail to seek review of the special master's decision within the 30–day period, then jurisdiction is lost once the clerk of the Court of Federal Claims enters judgment in accordance with that decision. *See* 42 U.S.C. § 300aa–12(e)(3). It is the latter situation that exists here.

The Pattons maintain that the trial court erred in concluding that the special master did not retain jurisdiction to amend her decision after the court entered final judgment in accordance with that decision. The Pattons assert that authority for the special master's continuing jurisdiction can be found in Rule 60 of the Rules of the Court of Federal Claims, the Vaccine Rules, and the "inherent" powers of the special master. We will consider each of these alleged bases of authority in turn.

■ First, the Pattons argue that a special master possesses authority equivalent to that of the Court of Federal Claims under Rule 60 to amend or correct her decision after a judgment has been entered. The Pattons argue that although their failure to file a timely motion for review under section 300aa–12(e)(1) prohibits the court from reviewing the merits of the special master's decision, the special master nevertheless retains Rule 60–type authority to amend her decision.

In asserting that the power of the Court of Federal Claims to grant relief from judgment under Rule 60 is also available to a special master, the Pattons ignore the distinction between the Rules of the Court of

Federal Claims and the Vaccine Rules, which govern practice and procedure for the proceedings of the court and the special masters, respectively. Unlike the court, which has express authority under its Rule 60 to afford relief from a final judgment, a special master is without such power under the Vaccine Rules.[7]

The RCFC apply to special masters "only to the extent referenced" in the Vaccine Rules, Vaccine R. 1, and the Pattons concede that the provisions of Rule 60 have not been so referenced.[8] As the tribunal charged with setting out the rules governing proceedings before the special masters, *see* 42 U.S.C. § 300aa–12(d)(2), the Court of Federal Claims apparently chose to reserve the power to grant Rule 60–type relief for itself, withholding such power from the special masters. *See Donovan v. Secretary of the Dep't of Health & Human Servs.*, 28 Fed.Cl. 459, 461, 462 (1993), *aff'd*, 17 F.3d 1442 (Fed. Cir.1994) (table). Thus, a special master may not avail herself of the authority conferred by Rule 60.

■ Alternatively, the Pattons argue that the ability of the special master to grant relief from a decision after judgment has been entered is authorized by Vaccine Rule 1, which entitles the special masters to "regulate the applicable practice, consistent with these rules and with the purpose of the Vaccine Act, to decide cases promptly and efficiently." We reject the Pattons' overly broad reading of Vaccine Rule 1. The rule expresses the Vaccine Act's underlying objective to provide expeditious and conclusive resolution of vaccine-injury claims. *See* H.R.Rep. No. 908, 99th Cong., 2d Sess. 17 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6287, 6358. That general mandate, however, cannot be interpreted as endowing special masters with powers contemplated neither by Congress in enacting the Vaccine Act nor by

---

**6.** This is analogous to the general rule applicable to the federal courts that jurisdiction immediately transfers from a district court to an appellate court once an appeal is perfected. *See* 9 James W. Moore *et al.*, *Moore's Federal Practice* ¶ 203.11 (2d ed. 1993).

**7.** The Vaccine Rules are set out in Appendix J of the Rules of the Court of Federal Claims.

**8.** In contrast, other Rules have been duly referenced. *See, e.g.*, Vaccine Rule 7(c) (referencing RCFC 45); Vaccine Rule 8(e) (referencing RCFC 59(b) and 80); Vaccine Rule 14(a), (c) (referencing RCFC 81(b), (d) respectively), Vaccine Rule 24 (referencing RCFC 82).

the Court of Federal Claims in promulgating the Vaccine Rules. The discretion afforded special masters under Vaccine Rule 1 may not be exercised in a manner that would disturb or exceed the framework laid out by the Court of Federal Claims pursuant to its authority under the Act. *Cf. United States v. Sherwood,* 312 U.S. 584, 589–90, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941) ("An authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction[.]").

■ Notwithstanding the absence of any express provision authorizing a special master to amend her decision after a judgment has been entered, the Pattons argue that special masters have "inherent" power, independent of any statute or rule, to grant relief from their decisions. The Pattons point to the "historical" authority of federal courts to correct or amend their judgments, now codified at Fed.R.Civ.P. 60(a), and insist that special masters possess a similar capability.[9]

The Pattons fail to recognize that special masters are not provided with the same powers as federal courts. Established under Article III of the U.S. Constitution, federal courts have "plenary power ... to modify [a] judgment for error of fact or law or even revoke it altogether." *Zimmern v. United States,* 298 U.S. 167, 169–70, 56 S.Ct. 706, 706–07, 80 L.Ed. 1118 (1936). The 1938 promulgation of Rule 60(a) of the Federal Rules of Civil Procedure, which permits a federal court to correct clerical mistakes and errors arising from oversight or omission, expressly recognized "a power that the courts always have had." 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2854 (1973 & Supp.1993).

■ In contrast, the Office of Special Masters owes its existence to and derives its powers from the Vaccine Act. *See* 42 U.S.C.

§ 300aa–12(c), (d). As a "creature of statute ... [a]ny and all authority pursuant to which [a special master] may act ultimately must be grounded in an express grant from Congress." *Killip v. Office of Personnel Management,* 991 F.2d 1564, 1569 (Fed.Cir.1993). Thus, any authority held by the special masters to correct decisions must flow from the Vaccine Act or its implementing Vaccine Rules, and not from any "inherent" source of power. In the absence of any express provision allowing the special master to grant Rule 60–type relief, the special master's involvement in the case ends, as a matter of law, once the period for seeking review of her decision expires and judgment is entered by the Court of Federal Claims. *See Grimes v. Secretary of the Dep't of Health & Human Servs.,* 988 F.2d 1196, 1198 (Fed.Cir.1993).

■ Finally, the Pattons contend that because the special master did not dispose of their claims for compensation for pain and suffering in her August 28, 1992 decision awarding attorneys' fees and costs, that decision constituted an interlocutory decision on which a final judgment could not be entered. That argument, however, disregards the decisional scheme established under the Vaccine Rules.

Under Vaccine Rule 13, a special master's decision on compensation for attorneys' fees and costs is separate from her decision on compensation for vaccine-related injury for purposes of seeking review by the Court of Federal Claims under Vaccine Rule 11. Additionally, for certain "retrospective cases," such as the instant case, in which the vaccine recipient is not deceased and the vaccine was administered prior to October 1, 1988, Vaccine Rule 10(b) provides that the special master shall postpone deciding compensation for pain and suffering until she issues her decision on attorneys' fees and costs. Upon expiration of the 30–day time limit or upon notice

---

9. In making this argument, the Pattons seem to suggest that the Court of Federal Claims possesses the same powers as the Article III courts. That court was established by Congress under its Article I powers, 28 U.S.C. § 171(a) (1988), and it is not entitled to exercise the "judicial Power of the United States" bestowed exclusively by the Constitution on Article III courts. *See Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 58–60, 102 S.Ct. 2858, 2864–65, 73 L.Ed.2d 598 (1982) (plurality opinion). Whether the Court of Federal Claims has "inherent" power to correct its judgments apart from that expressly conferred under Rule 60(a) need not be addressed here. The comparison being made by the Pattons is one between the special master and Article III courts, not between the Court of Federal Claims and Article III courts.

that the parties waive their review rights, the clerk of the Court of Federal Claims is mandated to enter judgment "immediately" in accordance with the special master's decision. *See* 42 U.S.C. § 300aa–12(e)(3); Vaccine Rule 11(a).

In the instant case, the special master issued two separate decisions: one awarding compensation for injury and one awarding attorneys' fees and costs. That she failed to rule on the claims for pain and suffering when she awarded attorneys' fees and costs does not render that decision "interlocutory." The 30–day filing period runs from "issuance of the special master's decision," 42 U.S.C. § 300aa–12(e)(1), and the mandate to enter judgment after the filing period expires does not require that the decision must have expressly addressed all the issues. Thus, the special master's decision was properly reduced to a final judgment after the parties failed to seek review within the 30–day time limit.

## II.   Relief from Judgment

■■■   The Pattons also appeal from the judgment of the Court of Federal Claims denying their motion under Rule 60 requesting that the court amend its judgment of September 29, 1992 and award compensation for pain and suffering. However, before we review the trial court's ruling, we must first address the question whether the court had jurisdiction to rule on the Pattons' Rule 60 motion in the absence of a timely motion for review. We have plenary authority to consider whether the lower tribunal's assertion of jurisdiction was correct, *see Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1000 (Fed.Cir.1987), and we may address this issue *sua sponte, see Lake County Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 398, 99 S.Ct. 1171, 1175, 59 L.Ed.2d 401 (1979).

We considered the jurisdictional implications of the failure to comply with the 30–day time limit to file a motion for review under section 300aa–12(e)(1) in *Widdoss v. Secretary of Health & Human Services,* 989 F.2d 1170 (Fed.Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993). In *Widdoss,* the petitioner filed her petition for

review 31 days after issuance of the special master's decision denying compensation. Because the petition was untimely under section 300aa–12(e)(1), final judgment was entered in accordance with the special master's decision pursuant to section 300aa–12(e)(3). The petitioner moved for relief under Rule 60(b), "urging that the Claims Court vacate the judgment and review the merits of the case." *Id.* at 1174. The trial court granted the motion and reversed the special master's decision.

On appeal, we held that the trial court lacked jurisdiction to entertain and rule on the merits of the petitioner's Rule 60(b) motion. In so holding, we concluded that "the 30–day time period in which to file a motion for review under section 300aa–12(e)(1) is jurisdictional," *id.* at 1177, and that the trial court erred in "employing [Rule] 60(b) to create jurisdiction to review the merits of the petition," *id.* at 1178.

In the instant case, the trial court did not consider *Widdoss* as barring it from considering the Pattons' Rule 60 motion, despite the fact that neither party filed a motion for review within the 30–day time limit. It concluded that "[w]hile the court recognizes that it cannot invoke RCFC 60(b) to review the merits of a special master's decision in the absence of a timely motion for review, *Widdoss v. Secretary DHHS,* [989 F.2d 1170 (Fed.Cir.1993) ], the court does not interpret the *Widdoss* decision or the Vaccine Act as precluding the court from invoking RCFC 60(b) to relieve a party from a judgment for the limited purposes listed in this rule." 28 Fed.Cl. at 539–40 n. 13.

■■■■   Our holding in *Widdoss* that Rule 60(b) cannot be used to circumvent the Vaccine Act's express procedure for seeking review of the merits of a special master's decision is consistent with the settled principle that the rule is not to be used as a substitute for an appeal. *See Ackermann v. United States,* 340 U.S. 193, 198–99, 71 S.Ct. 209, 211–12, 95 L.Ed. 207 (1950). A petitioner may not attempt to do indirectly through Rule 60(b) that which it is prohibited from doing directly under the appeals process prescribed by the Act. However, we agree with

the trial court that the 30–day time limit of section 300aa–12(e)(1) presents no jurisdictional bar to the court's consideration of a Rule 60 motion where the movant does not seek review of the merits of the special master's decision, but rather requests correction of an error of the court. Although the failure to file a timely motion seeking review of a special master's decision deprives the Court of Federal Claims of jurisdiction to review the merits of that decision, it does not prohibit the court from granting relief from the judgment where the relief sought does not involve consideration of the merits of the case, but comes within the requirements of Rule 60.

■ Unlike the petitioner in *Widdoss*, the Pattons do not challenge the findings or conclusions underlying the special master's decision to award compensation for a vaccine-related injury and attorneys' fees and costs. Instead, they request that the court amend the final judgment to reflect the special master's actual stated intent to award compensation for pain and suffering, which was not realized due to the special master's acknowledged inadvertence and error. Thus, the error from which the Pattons seek relief is not one regarding the merits of the special master's decision, but simply the failure of the special master to effectuate her intent to award compensation for pain and suffering. Because the Pattons did not attempt to appeal the merits of the special master's decision in a manner inconsistent with the "carefully circumscribed appellate process under the Vaccine Act," *Widdoss*, 989 F.2d at 1178, we conclude that the court did not impermissibly extend its jurisdiction beyond that prescribed by Congress in considering the Rule 60 motion.

■ Having concluded that the trial court had jurisdiction over the Rule 60 motion, we now address the propriety of the trial court's denial of the motion. As a preliminary matter, the parties dispute the appropriate standard of review applicable to this issue. The Pattons argue that we should review the court's decision *de novo, see Dehne v. United States,* 970 F.2d 890, 892 (Fed.Cir.1992), because it was "apparently based upon a finding of a lack of jurisdiction." The government, on the other hand, contends that the decision whether to grant or deny Rule 60 relief is within the discretion of the trial court, which we should review for abuse of discretion. *See Information Sys.,* 994 F.2d at 794.

We agree with the government that the trial court's ruling should be reviewed on an abuse of discretion basis. As discussed above, it is clear from the court's reasoning that the denial of the Pattons' motion for relief from judgment was based not on a lack of jurisdiction but on the court's conclusion that the Pattons were not entitled to such relief for failure to pursue pre-judgment remedies.

■ "An abuse of discretion exists when, *inter alia,* the lower court's decision was based on an erroneous conclusion of law or on a clearly erroneous finding of fact." *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.,* 12 F.3d 1080, 1083 (Fed. Cir.1993). A court's misinterpretation or misapplication of its own rules is an error of law. *See id.* at 1087; *Sherwood,* 312 U.S. at 589–90, 61 S.Ct. at 771.

■ Rule 60(a) affords relief from minor clerical mistakes or errors arising from simple oversight or omission. *See* 6A James W. Moore and Jo Desha Lucas, *Moore's Federal Practice* ¶ 60.06[1] (2d ed. 1993); *see also United States v. Bealey,* 978 F.2d 696, 699 (Fed.Cir.1992). It is intended to allow the judgment to "speak the truth," but not to substantially alter the rights of the parties thereto. *See Wright & Miller, supra,* § 2854. Errors of a more substantial nature are more appropriately correctable under subdivision (b).[10] *See* Moore, *supra,* ¶ 60.-

---

10. Subsection (b) provides in pertinent part that [o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, whether denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party; (4)

06[4]. The failure of the special master to rule on the Pattons' claims for compensation for pain and suffering was more than a mere clerical error or oversight. Awarding compensation for pain and suffering is a discretionary matter and does not follow as of right when an award of compensation for vaccine-related injuries is made. Nor does an award for pain and· suffering necessarily follow when the special master allows an award for attorneys' fees in a deferred ruling pursuant to Vaccine Rule 10(b). Thus, if relief from judgment is to be had in this case, it must be obtained under Rule 60(b). *See Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 153 (1st Cir.1980) (subdivision (a) covers those omissions or mistakes resulting from a court's failure to perform a ministerial duty, as opposed to a deliberative or discretionary act addressable by subdivision (b)).

■■■ In denying the motion, the trial court concluded that "[r]elief from judgment is not merited in the instant case . . . where the error that petitioners allege as a legal basis for relief that they requested was capable of being raised before judgment was entered." 28 Fed.Cl. at 540 n. 13. Thus, despite acknowledging that the absence of a timely motion for review did not divest it of authority to grant Rule 60 relief, the trial court nevertheless concluded that the Pattons were not entitled to such relief because a timely motion for review was not filed.

The practical effect of the trial court's circular reasoning is to preclude access to the post-judgment remedies of Rule 60(b) whenever pre-judgment remedies are not pursued. Consequently, according to the trial court, the only means available to correct a mistake by the special master is to file a timely motion for review under section 300aa–12(e)(1). That restrictive view of the availability of Rule 60(b) relief renders the rule a legal nullity and is inconsistent with its purposes.

■■■■ As a remedial provision, Rule 60(b) is to be "liberally construed for the purpose of doing substantial justice." 7 Moore, *supra,* ¶¶ 60.18[8], 60.19; *see also Klapprott v. United States,* 335 U.S. 601, 609, 69 S.Ct. 384, 387, 93 L.Ed. 266, *modified,* 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949). Under Rule 60(b)(1), relief may be granted from "judicial error" when inadvertence is shown and the motion is made within a reasonable time. *See CRI, Inc. v. Watson,* 608 F.2d 1137, 1143 (8th Cir.1979). That the problems encountered by the Pattons may have been avoided had they sought correction before judgment was entered is not itself a sufficient basis to preclude relief under Rule 60(b). The exhaustion of pre-judgment remedies is not a mandatory condition precedent for obtaining post-judgment relief under Rule 60(b).[11] The rule, by its very nature, affords relief within a reasonable time *after* a final judgment is entered and cannot be invoked before the entry of judgment on the special master's decision. *See* Fed.R.Civ.P. 60 advisory committee's note to 1946 amendment (60(b) applies only to final judgments).

It is undisputed, and the special master's Order to Amend makes abundantly clear, that it was the intention of the special master to award compensation for pain and suffering and that "[t]he omission of such award was inadvertently and mistakenly overlooked." Congress has specifically provided that pain and suffering associated with a vaccine-relat-

---

the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it *is* no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

**11.** *Wilson v. Secretary of the Dep't of Health & Human Servs.,* 23 Cl.Ct. 169 (1991), *aff'd,* 960 F.2d 156 (Fed.Cir.1992) (table), is not to the contrary. In *Wilson,* the Claims Court held that the withdrawal of a motion for review under section 300aa–12(e)(1) deprived the court of jurisdiction to entertain a Rule 59 motion for reconsideration. Although we affirmed a conclusion that the failure to pursue pre-judgment remedies resulted in the inability of the court to provide post-judgment relief, the post-judgment relief sought in that case, as in *Widdoss,* was directed to the merits of the special master's decision.

ed injury should be adequately compensated for by means of a monetary award.

 Nonetheless, while we hold that the court erred in concluding that the exhaustion of pre-judgment remedies is a prerequisite to seeking relief under Rule 60(b), and while it is not apparent to us that reasons otherwise exist here for denying such relief in view of the admission by the special master that an award of compensation for pain and suffering was inadvertently omitted, we are reluctant to decide a matter which has not been fully developed by the trial court and which is committed to its discretion. The trial court's order denying the motion for relief provides no findings of fact or conclusions of law other than that contained in footnote 13 of its June 4, 1993 opinion, which we hold inadequate as a matter of law to sustain denial of Rule 60(b) relief. Where no adequate basis exists upon which to review the appealed judgment due to insufficient findings of fact and conclusions of law, the judgment should be vacated and the action remanded for further consideration. *See ACS Hosp. Sys., Inc. v. Montefiore Hosp.,* 732 F.2d 1572, 1578 (Fed.Cir. 1984). Accordingly, we vacate the court's judgment of August 5, 1993 denying the Pattons' Rule 60 motion and remand the case to the trial court to reconsider whether the Pattons are entitled to relief under Rule 60(b).

## CONCLUSION

The trial court correctly held that the special master was without authority to amend her decision once final judgment was entered thereon pursuant to 42 U.S.C. § 300aa–12(e)(3). The court also correctly concluded that failure to file a motion for review within the 30–day time limit of 42 U.S.C. § 300aa–12(e)(1) did not divest the court of jurisdiction to entertain a Rule 60 motion for relief from judgment when that motion does not seek review of the merits of the special master's decision. However, because the court's judgment denying post-judgment relief was based on incorrect reasoning and was not otherwise supported by sufficient findings of fact or conclusions of law, the judgment is vacated and the case is remanded for reconsideration of the motion.

## COSTS

Costs to the Pattons.

***AFFIRMED–IN–PART, VACATED–IN–PART, AND REMANDED***