**The SMART UNIQUE SERVICES CORPORATION; James Taylor; Leonora C. Taylor, James E. Zoucha; Estela M. Zoucha, husband and wife; Unique & Estate, a limited partnership; Unique & Steel, a limited partnership; Unique & Ketchum, a limited partnership; Lanita Ketchum, an individual; Yolanda Jones, an individual; Sandra Jean Ohngren and John Ohngren, husband and wife; Marshall Steel and Angela Steel, husband and wife, Plaintiffs,**

v.

**MORTGAGE CORRESPONDENCE OF ILLINOIS; First Security Bank of Wood Dale; Community Bank of Lawndale; First Chicago Bank; Home Mortgage Loan Division; Harris Trust and Savings Bank; Seaway National Bank; South Shore Bank; South Central Bank and Trust Company; Lake Shore Bank; Amalgamated Bank; Avenue Bank of Oak Park; Lasalle Talman Bank, FSB.; Diane Glenn; Wilbert J. Hemby; Yasmin T. Bates; Edward J. Williams and David E. Knopp, Defendants.**

No. 94 C 1397.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 22, 1994.

David A. Culpepper, James Taylor, Chicago, IL, for all plaintiffs except James Taylor.

Anthony J. Pauletto, Skokie, IL, for Mortg. Correspondents of Illinois, Inc.

Ellen E. Douglass, Alan W. Brothers, Carney & Brothers, Ltd., Chicago, IL, for Seaway Nat. Bank.

Steven F. Molo, John N. Walker, Winston & Strawn, Chicago, IL, for First Sec. Bank of Wood Dale.

Cathy Ann Pilkington, Mitchell Ware, Lisa Lowe, Jones Ware & Grenard, Chicago, IL, for Community Bank of Lawndale, Diane Glenn.

Lynn A. Goldstein, John C. Simons, Law Dept., First Nat. Bank of Chicago, Chicago, IL, for First Chicago, Home Mortg. Loan Div., Wilbert J. Hemby.

James E. Spiotto, Kathleen R. Pasulka, Chapman & Cutler, Chicago, IL, for Harris Trust & Sav. Bank, Yasmin T. Bates, Edward J. Williams.

Allan E. Lapidus, Thomas G. Hancuch, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for South Shore Bank.

Aaron E. Hoffman, Brad S. Grayson, Schwartz & Freeman, Chicago, IL, for South Cent. Bank & Trust Co.

Thomas H. Morsch, Mark B. Blocker, Sidley & Austin, Chicago, IL, for Lake Shore Bank.

William J. Dunn, George F. Schully, Jr., Amalgamated Trust and Sav. Bank, Chicago, IL, for Amalgamated Bank, David E. Knopp.

David A. Martin, Sandra L. Hebenstreit, Righeimer, Martin & Cinquino, Chicago, IL, for Avenue Bank of Oak Park.

### MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

The Smart Unique Services Corp., James and Leonora Taylor, James and Estela Zoucha, Lanita Ketchum, Yolanda Jones, Sandra and John Ohngren, Marshall and Angela Steel, and several limited partnerships ("the plaintiffs") sued Mortgage Correspondents of Illinois, First Security Bank of Wood Dale, First National Bank of Chicago, Harris Trust and Savings Bank, Seaway National Bank, South Shore Bank, South Central Bank and Trust Co., Lake Shore Bank, Amalgamated Bank, Avenue Bank of Oak Park, LaSalle Talman Bank, Diane Glenn, Wilbert Hemby, Yasmin Bates, Edward Williams, and David Knopp (collectively "the defendants") under the Fair Housing Act ("the FHA"). *See* 42 U.S.C. § 3601, *et seq.*

The plaintiffs alleged that the defendants violated the FHA through a practice of "redlining." The plaintiffs asserted that the defendants discriminated against them by de-

nying them loans on the basis of their neighborhood. The court granted the defendants' motions to dismiss. *See* Memorandum Opinion and Order, No. 94 C 1397, 1994 WL 274962 (N.D.Ill. June 13, 1994) ("Opinion"). The plaintiffs now move for relief from judgment. *See* Fed.R.Civ.P. 60(b)(6).

### BACKGROUND

The background facts were discussed in the memorandum opinion granting the motions to dismiss. *See* Opinion at 3. The plaintiffs are a group of individuals, partnerships, and corporations who seek to build low-cost housing in a mostly-black neighborhood on the South Side of Chicago. To finance their proposed venture, the plaintiffs applied for commercial loans from the defendants. The defendants denied the plaintiffs' loan applications. The plaintiffs applied for loans from each defendant separately; the plaintiffs did not allege collusion or conspiracy among the defendants.[1] The plaintiffs alleged that the defendants denied their loans for racially discriminatory reasons. The plaintiffs contended that the defendants' conduct violated the FHA.

The court granted the defendants' motions to dismiss. The court noted that in order to state a claim under the FHA, the plaintiffs were required to allege: (1) that the defendants discriminated against them on the basis of their race; and (2) that the defendants interfered with their ability to procure housing. *See* Opinion at 4 (citing 42 U.S.C. § 3604(a); *Campbell v. City of Berwyn,* 815 F.Supp. 1138, 1143 (N.D.Ill.1993)). The court found that the plaintiffs failed to state a *prima facie* FHA redlining claim because they failed to allege that the defendants prevented them from procuring housing for themselves. *See* Opinion at 5–12.[2]

After judgment was entered in favor of the defendants, the plaintiffs failed to move to alter or amend the judgment within ten days, as required by Fed.R.Civ.P. 59(e). The plaintiffs now move for relief from judgment

pursuant to Fed.R.Civ.P. 60(b) ("Rule 60(b)").

### DISCUSSION

#### 1. Rule 60(b) Standards

Relief from judgment under Rule 60(b) is an extraordinary remedy which may be granted only upon a showing of "exceptional circumstances." *See, e.g., United States v. One 1979 Rolls–Royce Corniche Convertible,* 770 F.2d 713, 716 (7th Cir.1985). To obtain relief under Rule 60(b), the plaintiffs must demonstrate that "exceptional circumstances create a substantial danger that the underlying judgment ... is unjust." *Allen v. Shalala,* 835 F.Supp. 462, 464 (N.D.Ill.1993).

The plaintiffs assert two bases in seeking relief from judgment. First, the plaintiffs contend that they are entitled to relief from judgment because the court allegedly committed legal errors. The plaintiffs argue that the court's finding that they failed to state a *prima facie* FHA claim was erroneous. Second, the plaintiffs maintain that newly-discovered evidence warrants relief from judgment. Neither of the plaintiffs' arguments has merit.

#### 2. Legal Error

■ The plaintiffs' contention that the court committed legal error by dismissing the action may not be raised in a Rule 60(b) motion. The proper forum for challenging the court's legal rulings is an appeal, not a motion for relief from judgment. *See Parke–Chapley Construction Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir.1989). The Seventh Circuit has held that a Rule 60(b) motion may not be used as a "Trojan horse for sneaking what are actually tardy Rule 59(e) motions [*i.e.,* motions to alter or amend judgment or to reconsider the merits of a prior ruling] into the courtroom." *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992); *see also Swam v. United States,* 327 F.2d

---

1. Accordingly, it was not clear to the court why the defendants were joined in a single action. *See* Opinion at 3 n. 4.

2. Community Bank of Lawndale's motion to dismiss was granted due to the plaintiffs' failure to allege that they sought home loans, and First National Bank of Chicago's motion to dismiss was granted because the plaintiffs' failed to allege racial discrimination. *See* Opinion at 9, 11–12.

431, 433 (7th Cir.), *cert. denied,* 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964) ("if plaintiff believed the district court was mistaken as a matter of law in dismissing the complaint, he should have appealed"). Accordingly, the plaintiffs' argument that the court's legal rulings were erroneous fails to establish exceptional circumstances warranting relief from judgment.

### 3. Newly–Discovered Evidence

The plaintiffs also seek relief from judgment on the basis of allegedly newly-discovered evidence. Under Rule 60(b), a party may be relieved from judgment upon a showing that the new evidence "by due diligence could not have been discovered in time to move for a new trial." Fed.R.Civ.P. 60(b)(2). The plaintiffs do not meet the required showing under Rule 60(b). Although the plaintiffs allude to the existence of newly-discovered evidence, they fail to disclose the nature of the evidence. Accordingly, there is no basis from which to conclude that there is new evidence warranting relief from judgment.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion for relief from judgment is denied.

