Peter and Vickie REITZ, as Legal
Representatives of Derrick W.
Reitz, a minor, Petitioners,

v.

The UNITED STATES, Respondent.

No. 90–1344V.

United States Court of Federal Claims.

Filed Feb. 12, 1997.

Boyd McDowell III, Chicago, IL, for petitioners.

Elizabeth F. Kroop, Washington, DC, with whom was Assistant Attorney General Frank W. Hunger, for defendant.

## ORDER

MILLER, Judge.

This matter comes before the court on petitioners' Motion for Review and Alternative Motion for Relief Under Rule 60. The issue is whether petitioners are entitled to relief from a judgment that they claim was entered erroneously. Argument is deemed unnecessary.

## FACTS

On September 25, 1990, petitioners filed a petition under the Vaccine Act of 1986, 42 U.S.C. §§ 300aa–1—300aa–34 (1994), alleging that their son's DPT vaccination resulted in encephalopathy and seizures. The special master required petitioners to file by April 19, 1993, the documents called for by 42 U.S.C. § 300aa–11(c). *See* RCFC Appendix J, Vaccine Rule 2(e); *Reitz v. Secretary of DHHS*, No. 90–1344V (Fed.Cl.Spec.Mstr. Mar. 19, 1993). Subsequently, petitioners sought and received extensions of time through August 21, 1993, to file the documents. Petitioners failed to file. On October 26, 1993, the special master issued an order to show cause that stated: "Petitioners shall be given the opportunity, until November 19, 1993, to show cause why this matter should not be dismissed. If petitioners do not so respond, this case will be dismissed with prejudice at that time."

After the show cause order was entered, petitioners orally requested a further extension of time. The special master granted the extension "orally and ex parte as was the general practice at that time when no attorney for respondent had been assigned." *Reitz v. Secretary of DHHS*, No. 90–1344V, slip op. at 2 (Fed.Cl.Spec.Mstr. Oct. 22, 1996). The special master did not notify the Clerk of the Court that she had granted an extension.

On December 6, 1993, the Clerk of the Court entered judgment for respondent pursuant to the special master's October 26, 1993 show cause order. The special master vacated the judgment on petitioners' motion one week later. *Reitz v. Secretary of DHHS*, No. 90–1344V (Fed.Cl.Spec.Mstr. Dec. 13, 1993).

On April 15, 1994, respondent's counsel filed a notice of appearance. The parties proceeded to prepare the case for trial. However, when respondent's counsel became aware of the procedural history of the case, respondent on September 27, 1996, filed a motion seeking dismissal on the basis that the special master lacked the authority to vacate the December 6, 1993 judgment under *Patton v. Secretary of DHHS*, 25 F.3d 1021 (Fed.Cir.1994). Special Master Laura D. Millman agreed and issued an order dismissing the case and recommending that petitioners appeal the matter in this forum. *Reitz*, No. 90–1344V (Fed.Cl.Spec.Mstr. Oct. 22, 1996).

On November 12, 1996, petitioners filed their Motion for Review and Alternative Motion for Relief Under Rule 60. Petitioners argue that the special master's decision dismissing the case was in error as it erroneously relied on the *Patton* case. Alternatively, petitioners argue that they are entitled to relief under RCFC 60(a), 60(b)(4), or 60(b)(6). Respondent maintains that the special master did not commit error in applying the *Patton* holding and that petitioners are not entitled to RCFC 60 relief.

## DISCUSSION

■ The Federal Circuit decided *Patton* in June 1994. In rendering its decision, the Federal Circuit affirmed the rule established by the Court of Federal Claims that special masters lack jurisdiction after judgment is entered. *See Patton v. Secretary of DHHS*, 28 Fed.Cl. 532, 539 (1993), aff'd, 25 F.3d 1021 (Fed.Cir.1994); *Donovan v. Secretary of DHHS*, 28 Fed.Cl. 459, 461–62 (1993), aff'd, 17 F.3d 1442 (Fed.Cir.1994) (Table). Specifically, the

> court identified two events by which the special master is divested of jurisdiction under the Vaccine Act. First, if a motion for review is filed by either party within 30

days of the issuance of a special master's decision, the Court of Federal Claims assumes exclusive jurisdiction over the case.... Second, if the parties fail to seek review of the special master's decision within the 30 day period, the jurisdiction is lost once the Clerk of the Court of Federal Claims enters judgment in accordance with that decision.

*Patton,* 25 F.3d at 1025 (citations omitted). The present case falls within the second category.

Petitioners argue that the special master incorrectly relied on *Patton* in determining that she lacked jurisdiction over the case after the Clerk of the Court entered judgment on December 6, 1993. They cite to two non-precedential decisions by the Office of Special Masters and state that *Patton* represented a change in the law that should not be applied retroactively to the present case. Petitioners fail to recognize, however, that *Patton* did nothing more than affirm the rule that the entering of a judgment divests a special master of jurisdiction. *See Patton,* 28 Fed.Cl. at 539; *Donovan,* 28 Fed.Cl. at 461–62. This rule was established well in advance of the special master's October 26, 1993 show cause order and the Clerk of the Court's December 6, 1993 order of dismissal.

Petitioners also contend that the Clerk of the Court erred in issuing the order because the special master never issued a decision, thereby triggering the 30–day appeal period prescribed by Vaccine Rule 23. Petitioners miss the point. A "decision" is

[a] popular rather than technical or legal word; a comprehensive term having no fixed, legal meaning. It may be employed as referring to ministerial acts as well as to those that are judicial or of a judicial character.

*Black's Law Dictionary* 407 (6th ed. 1990). In short, a decision may be any determination of a "judicial or quasi-judicial nature." *Id.* The entry of an order is such a determination. *Black's Law Dictionary* 1096 (stating that in practice orders are "direction[s] of a court or judge made or entered in writing...."). Consequently, once the special master entered the order, the 30–day period commenced. Because the October 26 order

was a show cause order, petitioners were required to perform an action or face some consequence for failing to perform the requisite action.

In response to the October 26, 1993 order, petitioners sought and received an oral extension of time. Unfortunately, the Clerk of the Court never learned of the extension prior to entering the December 6, 1993 order of dismissal. The Clerk of the Court examined the record, determined that neither party took action within the 30–day appeal period, and entered judgment as required by Vaccine Rule 11(a).

Petitioners contend that the entry of this dismissal order was erroneous because the special master orally had granted petitioners an extension of time to show cause. The Clerk of the Court, unaware of this development, issued the order of dismissal. Petitioners maintain that these facts entitle them to relief under RCFC 60(b)(4), which authorizes relief from void judgments. The rule provides: "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding ... [when] a judgment is void." However, "a judgment is not void merely because it is erroneous," *In re Center Wholesale, Inc.,* 759 F.2d 1440, 1448 (9th Cir.1985), but, rather, "if the court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it 'acted in a manner inconsistent with due process of law.'" *Bucci v. Secretary of DHHS,* 32 Fed.Cl. 330, 334 (1994) (quoting *Schwartz v. United States,* 976 F.2d 213, 216 (4th Cir.1992)); *see United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply,* 55 F.3d 1311, 1316 (7th Cir. 1995); 11 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2862, at 326 (1995) (hereinafter "Wright & Miller"). The Clerk of the Court's order divested the special master of jurisdiction, but entry of the order does not amount to a void judgment. Once the order was entered, every subsequent order entered in the case by the special master was rendered a nullity because the special master no longer had jurisdiction of the case.

Petitioners may not take refuge in RCFC 60(b)(6). The rule provides: "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment." Wright & Miller observe: "If the reasons for seeking relief could have been considered in an earlier motion under another subsection of the rule, then the motion will be granted only when extraordinary circumstances are present." 11 Wright & Miller, *supra*, § 2864, at 357; *see Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988); Mary Kay Kane, *Relief from Federal Judgments: A Morass Unrelieved by a Rule*, 30 Hastings L.J. 41 (1978); *see also In re Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir.1981) (discussing Rule 60(b)(6)). RCFC 60(b)(6) thus is not a substitute for claims that should have been brought under other provisions of RCFC 60(b). *United States v. Berenguer*, 821 F.2d 19, 21 (1st Cir.1987). Petitioners' motion should have been brought under RCFC 60(b)(1), which allows the court to set aside a judgment based on "mistake, inadvertence, surprise or excusable neglect." RCFC 60(b)(1), however, has a one-year limitations period. Petitioners did not seek relief in the Court of Federal Claims in the instant action within one year from the December 6, 1993 order of dismissal.

The rule was not meant "to supersede the normal and ordinary channels of relief. Nor was it intended to invest the court with an omnipotence whose boundary is defined only by the court's conscience." *Loucke v. United States*, 21 F.R.D. 305, 308 (S.D.N.Y. 1957). Furthermore, the failure of a party to appeal does not equate to an extraordinary circumstance justifying relief merely because the judgment is erroneous or the law has changed. *See, e.g., Ackermann v. United States* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (discussing extraordinary circumstances); *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645 (1st Cir.1972) (holding that failure to prosecute appeal in all but "exceptional circumstances" bars relief under Rule 60); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729 (9th Cir.1971) (discussing how failure to appeal bars recovery unless petitioner can show that something prevented or rendered him unable to appeal); *Wagner v. United States*, 316 F.2d 871 (2d Cir.1963) ("The catch-all clause of Rule 60(b)(6), authorizing the court to relieve a party from a judgment for 'any other reason justifying relief,' cannot be read to encompass a claim of error for which appeal is the proper remedy. . . ."); *Annat v. Beard*, 277 F.2d 554 (5th Cir.1960) (holding that despite erroneous map used at trial failure of landowner to appeal trial court's ruling barred Rule 60 relief); *Smart Unique Servs. Corp. v. Mortgage Correspondence of Illinois*, 158 F.R.D. 114 (N.D.Ill.1994) (finding contentions of legal error by district court did not assert sufficiently exceptional circumstances to warrant relief as appropriate forum for challenging court's legal rulings was appellate court); *Loucke*, 21 F.R.D. at 308 (stating that Rule 60(b)(6) "is not a substitute for appeal").

In 1993 petitioners chose to seek a remedy for the December 6, 1993 dismissal order before the special master, although the precedent set by the Court of Federal Claims in *Donovan* and *Patton* counseled otherwise. Only after the special master entered an order that she lacked jurisdiction in 1996 did petitioners file a motion for review with the Court of Federal Claims. RCFC 60(b)(6) is not available to grant relief from such strategic decisions made during litigation. *Ackermann*, 340 U.S. at 197, 71 S.Ct. at 211. Because petitioners' RCFC 60(b)(6) motion should have been brought under 60(b)(1) and petitioners have failed to demonstrate extraordinary circumstances preventing them from pursuing the motion earlier, relief cannot be granted under RCFC 60(b)(6).

Petitioners also invoke RCFC 60(a), which provides:

Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected

before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

RCFC 60(a) allows the court to correct clerical errors arising from an oversight or omission. It may be exercised at any time, at the parties' initiative, or *sua sponte* by the court. The error corrected should not be substantive in nature so as to conform to a new and subsequent intent, but to make an original order reflect a contemporaneous intent or correct an erroneous entry of judgment. *See Burton v. Johnson*, 975 F.2d 690 (10th Cir. 1992) (finding that where judgment is ambiguous, court may correct it pursuant to Rule 60(a) to reflect original, contemporaneous intent of parties); *Blanton v. Anzalone*, 813 F.2d 1574 (9th Cir.1987) (holding that district court could delete interest it never intended to award from judgment to correct clerical mistake). Entry of the December 6, 1993 dismissal order was a clerical mistake for two reasons: 1) The October 23 Show Cause order was not self-executing, and 2) petitioners sought and received an extension of time.

Petitioners and respondent dispute the meaning of the special master's October 23, 1993 order. Specifically, the parties do not agree on the import of the following language: "Petitioners shall be given the opportunity, until November 19, 1993, to show cause why this matter should not be dismissed. If petitioners do not so respond, this case will be dismissed with prejudice at that time." Respondent contends that the order is self-executing and that the Clerk of the Court had the authority to dismiss the petition pursuant to this order. Petitioners assert that the Clerk of the Court erred in automatically filing the dismissal order without a further order from the special master, essentially arguing that the order was not self-executing. Neither party cites to any authority construing what this language means or demonstrating what constitutes a self-executing order.

Pointing to certain of the special master's language, respondent argues that it evinces a clear mandate to dismiss the case. Respondent quotes: "[T]his case will be dismissed with prejudice...." If the sentence ended here, the court would agree. However, respondent's interpretation is flawed, as a literal reading of the sentence only states that the case will be dismissed. It does not state by whom or when the case will be dismissed. The show cause order does not instruct the Clerk of the Court to dismiss the case, nor does it state when the case will be dismissed. Furthermore, respondent's reading ignores the condition precedent to dismissal—petitioners' failure to show cause.

Petitioners' argument relies on a reading of the entire sentence: "If petitioners do not so respond, this case will be dismissed with prejudice at that time." Petitioners correctly note that the sentence contains a condition precedent to the future dismissal of the case. First, petitioners must fail to respond. Second, if the first condition is met, the case will be dismissed. The show cause order still does not instruct the Clerk of the Court to dismiss the case. Even if it did, the plain language of the order instructs that the case will be dismissed at a future date—"at that time." Despite the ambiguity created by the condition precedent and clause contemplating a future dismissal, the plain language of the October 26, 1993 show cause order is not consistent with a self-executing order because it does not contemplate entry absent further order of the special master. Thus, the Clerk of the Court's entry of the dismissal order constituted a clerical mistake correctable by RCFC 60(a). *See National Equip. Rental, Ltd. v. Figurine Salon of California, Inc.*, 19 F.R.Serv.2d 1426 (E.D.N.Y.1975) (finding that where clerk of court was unaware that respondent filed appearance and answer and entered default judgment against defendant, relief under Rule 60(a) was appropriate).*

---

* A prior clerical mistake was made when the special master failed to memorialize the fact that she had granted orally petitioners an extension of time within which to respond to the show cause order. Lacking such a record, the Clerk of the Court was not aware of the extension of time and thus entered a dismissal order. Respondent points out that the special master's October 22, 1996 order explicating the unrecorded history of the case should not be considered because the special master's jurisdiction terminated upon entry of judgment, correctly or not. The court

## CONCLUSION

Based on the foregoing, a clerical error was made. Accordingly, petitioners' request for relief from judgment under Rule 60(a) is granted. The dismissal of the petition is vacated, and this case is remanded to the special master for further proceedings.

**IT IS SO ORDERED.**

No costs on review.

accepts this argument, quotes the order only for background information, and does not rely on it.

The court bases its decision on an objective review of the October 26, 1993 show cause order. While the court does not rely on any subsequent decisions issued by the special master, it is noteworthy that the special master herself subsequently recognized the ambiguity created by her order. Specifically, the special master implied that the Show Cause Order was not self-executing and that she had "never issued an order of

dismissal because petitioners' counsel orally requested and received a further extension of time." *Reitz*, No. 90–1344V, slip op. at 2 (Fed. Cl.Spec.Mstr. Oct. 22, 1996). Correcting such ambiguity in an order so as to conform to the contemporaneous intent of the decision maker is the purpose behind Rule 60. *See Burton*, 975 F.2d at 694 ("[A] district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent.").