NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5055

LAWRENCE V. WILDER, SR.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Lawrence V. Wilder, Sr., of Catonsville, Maryland, pro se.

Joseph A. Pixley, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Nancy B. Firestone

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5055

LAWRENCE V. WILDER, SR.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-723, Judge Nancy B. Firestone.

_____

DECIDED: September 10, 2009

_____

Before MICHEL, Chief Judge, NEWMAN and PROST, Circuit Judges.

PER CURIAM.

Petitioner Lawrence V. Wilder, Sr., appeals the United States Court of Federal Claims' decision to deny the requested relief from judgment and case reassignment. Because the Court of Federal Claims properly denied Mr. Wilder's motion, we affirm.

BACKGROUND

From 1987 until 1997, Mr. Wilder worked as a Health Insurance Specialist at the Department of Health and Human Services. On October 12, 2007, Mr. Wilder filed a complaint in the Court of Federal Claims, alleging in part "that he was wrongfully removed by the government because the government acted unreasonably in effecting his removal and because the plaintiff suffered from a disability stemming from a work-

related injury at the time of his removal." <u>Wilder v. United States</u>, No. 07-CV-723, 2007 WL 5173633, at *1 (Ct. Fed. Cl. 2007). The court dismissed his complaint, holding that it lacked subject matter jurisdiction because Mr. Wilder failed to "identify a specific money-mandating statute upon which to base a claim for damages," or to "specify any specific monetary damages that he s[ought]." <u>See</u> <u>Wilder</u>, 2007 WL 5173633, at *2. We affirmed for different reasons—specifically, we held that based on the six year statute of limitations described in 28 U.S.C. § 2501, Mr. Wilder's claims "would be barred . . . even if jurisdiction were otherwise proper." <u>Wilder v. United States</u>, 277 F. App'x 999, 1000 (Fed. Cir. 2008).

On September 9, 2008, Mr. Wilder filed his first motion under Court of Federal Claims Rule 60 ("RCFC 60"), which provides for relief from a judgment or order under certain circumstances. RCFC 60(a) provides "relief from minor clerical mistakes or errors arising from simple oversight or omission," <u>Patton v. Sec'y of Dep't of Health & Human Servs.</u>, 25 F.3d 1021, 1029 (Fed. Cir. 1994), and RCFC 60(b) provides that

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

In his first RCFC 60 motion, Mr. Wilder appeared to make two arguments: first, that the Court of Federal Claims "refused to help [him] to investigate and discover [his]

claims," and second, that his removal action was "not legal due to the fact that [his] representation was ineffective, the Government provided incorrect information, [he] was suffering from [his] psychiatric disability, and the Government practiced trickery against a mentally injured employee." Mr. Wilder therefore requested that the statute of limitations period be equitably tolled, that the Court of Federal Claims' dismissal for lack of jurisdiction be reversed, and that Mr. Wilder be provided court-appointed counsel. The court denied Mr. Wilder's motion, noting that Mr. Wilder did not allege that any clerical mistake under RCFC 60(a) had been made, nor had he "set forth any evidence of mistake, newly discovered evidence, fraud, or any other reason justifying relief from the judgment dismissing his complaint" as required under RCFC 60(b). Wilder v. United States, No. 07-CV-723 (Ct. Fed. Cl. Oct. 16, 2008). Mr. Wilder did not file a notice of appeal.

On February 4, 2009, Mr. Wilder filed a second motion requesting relief under RCFC 60 and asking that his case be reassigned to a new judge. Mr. Wilder stated that he had newly discovered evidence obtained through a Freedom of Information Act ("FOIA") request and that the Department of Justice had committed fraud, "including assault and cruel and inhuman punishment." He charged the court with failing to determine the equitable tolling date relevant to his case, and requested that the Court of Federal Claims judge "recuse herself because of bias," arguing that the judge had used "information external to the case," such as Supreme Court decisions, "to prejudice appellant."

That same day, the court denied the motion in its entirety. Wilder v. United States, No. 07-CV-723 (Ct. Fed. Cl. Feb. 4, 2009). The court pointed out that reliance

upon Supreme Court precedent is proper, and that Mr. Wilder failed to demonstrate that the judge acted with bias or prejudice. Just as before, the court denied the RCFC 60 portion of the motion because Mr. Wilder did not allege any clerical mistake or any other "mistake, newly discovered evidence, fraud, or any other reason justifying relief from the judgment." The court noted that although Mr. Wilder mentioned certain FOIA responses, those did "not provide a basis for amending the order dismissing this case." Mr. Wilder now appeals.

## DISCUSSION

We review a ruling by the Court of Federal Claims on a RCFC 60 motion for an abuse of discretion. Brickwood Contractors, Inc. v. United States, 288 F.3d 1371, 1376 (Fed. Cir. 2002); Matos by Rivera v. Sec'y of Dep't of Health & Human Servs., 35 F.3d 1549, 1551–52 (Fed. Cir. 1994). "An abuse of discretion exists when, inter alia, the lower court's decision was based on an erroneous conclusion of law or on a clearly erroneous finding of fact." Id. at 1552 (quoting Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp., 12 F.3d 1080, 1083 (Fed. Cir. 1993)).

On appeal to this court, Mr. Wilder does not appear to have limited his challenge to the denial of his latest RCFC 60 motion and request for recusal. Mr. Wilder repeatedly references the merits of his underlying case, and among other relief he requests an injunction to "order cooperation by defendants to stop the delays and abuse of a psychiatric disabled appellant," and asks for "[c]riminal prosecution of all those responsible of crimes against the disabled and vulnerable adults." He also alleges that the Court of Federal Claims erred by failing to apply the Rehabilitation Act, the Americans with Disabilities Act, appropriate Supreme Court precedent, and the

Constitution. However, "[i]n considering an RCFC 60(b) motion, we cannot review the original judgment." Browder v. Dep't of Corr. of Ill., 434 U.S. 257, 263 n.7 (1978). Thus, to the extent that Mr. Wilder is challenging either the Court of Federal Claims' decision dismissing his complaint for lack of subject matter jurisdiction or this court's affirmance based on the fact that the statute of limitations ran on his claims, we cannot and do not reach those issues in this appeal. Likewise, we cannot reach the underlying merits of Mr. Wilder's claims against the government.

To the extent that Mr. Wilder is appealing the RCFC 60 ruling and the ruling on his request for recusal, we affirm. As to Mr. Wilder's request that the Court of Federal Claims judge recuse herself, Mr. Wilder did not point to any example of bias or prejudice—he simply made a conclusory statement that the judge used "information external to the case to prejudice appellant" without making it clear what that information was or why it prejudiced his case. Although the Court of Federal Claims dismissed his complaint and denied his motions, the Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky v. United States, 510 U.S. 540, 555 (1994). Mr. Wilder's conclusory statements are simply an insufficient basis upon which to require a judge to recuse herself. See Charron v. United States, 200 F.3d 785, 788 (Fed. Cir. 1999).

In addition, as noted the Court of Federal Claims' RCFC 60 decision is reviewed for an abuse of discretion. Mr. Wilder has not persuaded us that the court abused that discretion in denying him the requested relief from judgment. Just as the Court of Federal Claims stated twice in addressing Mr. Wilder's RCFC 60 motions, such relief can only be granted in very specific situations—namely, where there has been a "minor

clerical mistake[] or error[] arising from simple oversight or omission," <u>see</u> <u>Patton</u>, 25 F.3d at 1029, or where there has been a "mistake, newly discovered evidence, fraud, or any other reason justifying relief from the judgment." Mr. Wilder's blanket statement to the effect that the Department of Justice committed "fraud," without alleging any supporting facts, does not meet that standard. The same is true with respect to his claim to have uncovered newly discovered evidence through a FOIA request. Merely alleging that there is "newly discovered evidence," without specifying what that evidence is, why it could not have been obtained earlier, or how it might affect the judgment, cannot provide a basis for relief. As a result, the Court of Federal Claims was correct in denying Mr. Wilder's motion in its entirety.

## CONCLUSION

For the reasons stated above, we affirm the rulings of the Court of Federal Claims.

## COSTS

Each party to bear its own costs.