NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCUS L. WILLIAMS,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant- Appellee.*

---

2011-5098

---

Appeal from the United States Court of Federal Claims in 05-CV-1123, Judge Charles F. Lettow.

---

Decided: November 10, 2011

---

MARCUS L. WILLIAMS, of Jacksonville, Florida, pro se.

ELIZABETH ANNE SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before NEWMAN, BRYSON, and MOORE, *Circuit Judges.*

PER CURIAM.

## DECISION

Marcus L. Williams appeals from a decision of the Court of Federal Claims denying his motion for relief from judgment. We affirm.

## BACKGROUND

Mr. Williams was a staff sergeant in the United States Air Force. In 2002 he was convicted of various violations of the Uniform Code of Military Justice, including assault with a deadly weapon and forgery. Two years later, Mr. Williams was dishonorably discharged from the Air Force. He had been retained in the Air Force past his enlistment ending date pending disposition of the court martial charges against him as provided by Rule 202(c)(1) of the Rules for Courts-Martial.

Mr. Williams subsequently filed suit in the Court of Federal Claims seeking to have his date of separation modified so that he would be deemed to have been separated from the Air Force prior to his convictions. The court rejected his attempt to have his date of separation modified. *Williams v. United States*, 71 Fed. Cl. 194, 202 (2006). Mr. Williams then filed a motion for reconsideration, which the court denied in May 2006. Four months later, Mr. Williams filed a motion pursuant to Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC") seeking relief from judgment. In the motion, he claimed that a post-judgment change in his discharge certificate constituted newly discovered evidence justifying relief. Specifically, he noted that the active service component of his military record was changed from "AIR FORCE —

USAF" to "AIR FORCE — REG AF."  Based on that
change, he argued that his original discharge papers were
rendered null and void, and that the Court of Federal
Claims therefore lacked subject matter jurisdiction over
his case.  The court rejected his argument and denied his
Rule 60(b) motion on September 29, 2006.

On May 12, 2011, Mr. Williams filed a second motion
for relief from judgment.  This time, he sought relief
under Rule 60(d)(3), RCFC, which is not subject to the
time limitations that apply generally to motions under
Rule 60(b).  In his Rule 60(d)(3) motion, Mr. Williams
made essentially the same argument he had made five
years earlier in his Rule 60(b) motion.  The court denied
the motion on June 8, 2011, after which Mr. Williams
filed this appeal.

## DISCUSSION

We review a trial court's denial of a motion for relief
from judgment for an abuse of discretion.  *Patton v. Sec'y
of Dep't of Health & Human Servs.*, 25 F.3d 1021, 1029
(Fed Cir. 1994).  "An abuse of discretion exists when, *inter
alia*, the lower court's decision was based on an erroneous
conclusion of law or on a clearly erroneous finding of fact."
*Id.*

Rule 60, RCFC, which is modeled on Federal Rule of
Civil Procedure 60, governs motions for relief from a final
judgment or order.  Rule 60(b)(3) provides for relief due to
fraud.  However, motions under Rule 60(b) must be made
"no more than a year after the entry of the judgment."
RCFC 60(c)(1).  To avoid that limitation, Mr. Williams
relies on Rule 60(d), RCFC, which establishes that the
time limitations set forth in the rule do not "limit a court's

power to . . . (3) set aside a judgment for fraud on the court."

Mr. Williams argues that the Court of Federal Claims lacked subject matter jurisdiction to enter judgment in 2006 because "that subject-matter jurisdiction was procured by the Appellees' fraudulent conveyance of the preparation and distribution of the Certificate of Discharge or Release from Active Duty (DD Form 214)." He claims that when the active service component of his military record was changed from "AIR FORCE — USAF" to "AIR FORCE — REG AF," his discharge papers were retroactively nullified.

Mr. Williams has not explained why the referenced changes to his military records or discharge papers had the effect of nullifying his original discharge, thereby depriving the trial court of subject matter jurisdiction. In particular, he has not shown why the changes to his discharge papers constituted anything more than a minor, ministerial modification having no effect on the validity of his discharge. Moreover, Mr. Williams has failed to provide any reason to conclude that the change to his record—even if it were regarded as more than a mere administrative modification—constituted a "fraud on the court," as required for relief under Rule 60(d)(3). Accordingly, we hold that the trial court properly exercised its discretion in denying the motion for relief from judgment.

No costs.

**AFFIRMED**