NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORENA MORA, G.G.M., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM,**
*Petitioners-Appellants*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2015-5139

---

Appeal from the United States Court of Federal Claims in No. 1:13-vv-00421-EDK, Judge Elaine Kaplan.

---

Decided: December 16, 2016

---

SCOTT PHILIP DIXLER, Horvitz & Levy, Encino, CA, argued for petitioners-appellants. Also represented by PEDER KRISTIAN BATALDEN.

ROBERT PAUL COLEMAN III, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, C. SALVATORE D'ALESSIO, RUPA

BHATTACHARYYA, VINCENT J. MATANOSKI, CATHARINE E. REEVES, CLAUDIA BARNES GANGI.

BRADLEY S. WOLFF, Swift, Currie, McGhee & Hiers, LLP, Atlanta, GA, for amicus curiae Sanofi Pasteur Inc.

---

Before MOORE, CHEN, and HUGHES, *Circuit Judges.*

MOORE, *Circuit Judge.*

Ms. Lorena Mora, on behalf of her daughter G.G.M., appeals the judgment of the Court of Federal Claims denying a motion for review of the Special Master's denial of relief under Rule 60(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). Ms. Mora seeks relief from a judgment dismissing her petition for compensation under the National Childhood Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1–34 ("Vaccine Act"). For the reasons discussed below, we *affirm*.

## BACKGROUND

G.G.M. was born in February 2010. On September 5, 2012, she received an influenza vaccination, and two days later, she complained of abdominal pain and was unable to walk. Ms. Mora took G.G.M. to the emergency room at Kaiser Permanente Hospital in Baldwin Park, California, where G.G.M. was admitted and remained hospitalized for approximately a month. After extensive medical testing, G.G.M. was diagnosed with complete transverse myelitis secondary to immunization. Ms. Mora, on behalf of her daughter, filed a petition for compensation under the Vaccine Act for G.G.M.'s complete lower extremities paralysis and injuries resulting from adverse effects of the vaccination.

In August 2013, Ms. Mora and the government participated in an initial telephonic status conference, and the assigned Special Master encouraged settlement. The

parties engaged in settlement negotiations to discuss the amount of compensation for G.G.M.'s life care plan. Ms. Mora asserted that "the life care planner has estimated that G.G.M. will need in-home health care, an extensive number of various orthopedic and urological surgeries, and assorted medication due to her medical conditions resulting from her transverse myelitis." J.A. 74. At a status conference in July 2014, Ms. Mora's attorney stated that petitioner wished to dismiss her petition and file a civil suit against the vaccine administrator and manufacturer. Ms. Mora's attorney reported that petitioner decided she could receive more compensation in civil court than under the Vaccine Act. The government said it would not appeal the dismissal. The Special Master interpreted both parties' agreement as an oral stipulation to dismissal pursuant to the Court of Federal Claims Vaccine Rule 21(a)(1)(B).

On July 21, 2014, the Special Master issued a decision dismissing Ms. Mora's petition for compensation and directing the Clerk of Court to enter judgment accordingly. The Special Master explained that "the Vaccine Act permits petitioners to pursue a civil action once judgment has entered on a decision by filing an election to sue civilly under § 300aa-21(a)." Thus, the Special Master directed entry of judgment in order that petitioner could pursue a civil remedy. On August 29, 2014, the Clerk of Court entered judgment.

In October 2014, Ms. Mora filed suit in the Los Angeles Superior Court against Sanofi Pasteur Inc. ("Sanofi"), the manufacturer of the vaccine administered to G.G.M., alleging strict products liability for manufacturing defect, design defect, and failure to warn. In December 2014, Sanofi removed the suit to the Central District of California, and in February 2015, it filed a motion to dismiss petitioner's suit based on *Bruesewitz v. Wyeth L.L.C.*, 131 S. Ct. 1068 (2011). *Bruesewitz* discusses § 300aa-22 of the Vaccine Act and holds "that the National Childhood

Vaccine Injury Act preempts all design-defect claims against vaccine manufacturers brought by plaintiffs who seek compensation for injury or death caused by vaccine side effects." *Bruesewitz* at 1082. Section 300aa-22(c) of the Vaccine Act provides that "[n]o vaccine manufacturer shall be liable in a civil action for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, solely due to the manufacturer's failure to provide direct warnings to the injured party . . . of the potential dangers resulting from administration of the vaccine manufactured by the manufacturer." Ms. Mora's attorney, who had never before handled a vaccine injury case, had failed to conduct basic legal research pertinent to the Vaccine Act and had been unaware that *Bruesewitz* and § 300aa-22(c) of the Vaccine Act preempt design defect and failure to warn claims against the vaccine manufacturer. J.A. 2–3, 45. Ms. Mora's complaint was dismissed with leave to amend.

On January 21, 2015, Ms. Mora's attorney filed a motion in the Court of Federal Claims to set aside the Special Master's dismissal of the Vaccine Act petition. Pursuant to 42 U.S.C. § 300aa-11(b)(2), a Vaccine Act petitioner may only file one petition with respect to each administration of a vaccine. Ms. Mora therefore requested her petition be restored in the Court of Federal Claims. She sought relief from judgment based on Rule 60(b)(1) of the RCFC, alleging her attorney's ignorance of the law constitutes "mistake, inadvertence, surprise, or excusable neglect," or in the alternative, Rule 60(b)(6), under which the court may relieve a party from final judgment for "any other reason that justifies relief."

The Special Master denied Ms. Mora's motion for relief based on both Rule 60(b)(1) and Rule 60(b)(6) grounds. She determined that although Ms. Mora had a meritorious claim for compensation and the government would not be unduly prejudiced if the motion for relief were granted, the attorney's mistake of law does not qualify as "excusa-

ble neglect" warranting Rule 60(b)(1) relief. J.A. 7. She also determined that enforcing a voluntary dismissal is not a "grave miscarriage of justice" meriting Rule 60(b)(6) relief. J.A. 8. She explained that Ms. Mora had not shown how her attorney's failure to research the consequences of a voluntary dismissal constituted "extraordinary circumstances" in which she is "faultless." *Id.*

Ms. Mora sought review of the Special Master's denial of relief under Rule 60(b)(6) in the Court of Federal Claims, and the Court of Federal Claims denied her motion for review. Ms. Mora appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review decisions by the Court of Federal Claims in Vaccine Act cases de novo, applying the same standard it applies in reviewing the Special Master's decision. *Moberly ex rel. Moberly v. Sec'y of Health & Human Servs.*, 592 F.3d 1315, 1321 (Fed. Cir. 2010). The Court of Federal Claims may set aside any findings of fact or conclusion of law of the Special Master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 42 U.S.C. § 300aa-12(e)(2)(B). We review findings of fact under the arbitrary and capricious standard, legal questions under the "not in accordance with law" standard, and discretionary rulings under the abuse of discretion standard. *Saunders v. Sec'y of Health & Human Serv.*, 25 F.3d 1031, 1033 (Fed. Cir. 1994). Therefore, we review the Special Master's decision whether to grant or deny relief under Rule 60(b) of the RCFC under an abuse of discretion standard.

On appeal, Ms. Mora argues the Special Master's failure to recognize that an attorney's gross negligence can warrant relief from a judgment under Rule 60(b)(6) of the RCFC constitutes legal error. She argues her attorney's gross negligence is not attributable to her, and Rule 60(b)(6) is an escape hatch to relieve blameless

litigants of the consequences of their lawyers' gross negligence. She argues her attorney's gross negligence amounts to constructive abandonment that constitutes extraordinary circumstances, under which Rule 60(b)(6) relief is warranted.

The Court of Federal Claims provided a thorough analysis of relevant case law and correctly noted that "counsel's failure to conduct basic legal research has had and will continue to have extremely negative repercussions for G.G.M. and her family." J.A. 16. However, as the opinion points out, the nature of the attorney negligence at issue in this case is different in kind and degree from the negligence in cases where Rule 60(b)(6) relief has been granted. J.A. 18. Ms. Mora and her attorney agreed to pursue a civil remedy in the hope of receiving greater compensation than might be available under the Vaccine Act. The attorney's actions were consistent with his client's wishes. Providing legal advice, albeit erroneous advice, to voluntarily dismiss the petition does not rise to the same level of egregious conduct as an attorney's abandonment or affirmative misleading of his client. *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170–71 (9th Cir. 2002) (stating "'extraordinary circumstances' justify the granting of relief" where the attorney "virtually abandoned his client by failing to proceed with his client's defense despite court orders to do so"); *see also Lal v. California*, 610 F.3d 518, 524–25 (9th Cir. 2010) (granting relief under Rule 60(b)(6) of the RCFC where the attorney virtually abandoned and deliberately misled his client). We agree with the Court of Federal Claims that even if we would have decided the motion differently, we cannot say the Special Master abused her discretion in denying the Rule 60(b)(6) motion.

Sanofi, as amicus curiae in support of Ms. Mora, raises a different argument, which could itself be the basis of a separate Rule 60(b) motion. It argues the Vaccine Act requires a person seeking compensation for a

vaccine injury to first file a petition for compensation, obtain a decision awarding or denying compensation and a judgment on that decision, and then reject that judgment before pursuing civil litigation against the vaccine manufacturer.  It notes that a Special Master's "decision" is defined by 42 U.S.C. § 300aa-12(d)(3) and is an order "with respect to whether compensation is to be provided under the [Vaccine Act] Program and the amount of such compensation" and must "include findings of fact and conclusions of law."  It argues the Special Master never issued a "decision" on Ms. Mora's petition because the order lacked findings of fact and conclusions of law and failed to determine whether compensation was to be provided.  It argues 42 U.S.C. § 300aa-12(e) requires the clerk to issue a judgment only upon a Special Master's "decision," and since the Special Master never issued a "decision" on Ms. Mora's petition, the clerk erred when it issued a judgment.

To support its position, Sanofi discusses *Hamilton v. Sec'y of Health & Human Servs.*, No. 2-838V, 2003 WL 23218074 (Fed. Cl. Spec. Mstr. Nov. 26, 2003), in which the Special Master concludes "that a 'judgment' should be entered only after a special master files a 'decision' that complies with § 300aa-12(d)(3)(A)—i.e., a ruling that decides 'whether compensation is to be provided and the amount of such compensation,' and which 'includes findings of fact and conclusions of law.'"  *Hamilton,* 2003 WL 23218074, at *5.  It also discusses the Secretary of Health & Human Services' position in the July 30, 2003 Response to Special Master's Questions Concerning The "Issue of 'Judgments,'" filed in the Omnibus Autism Proceeding, *see, e.g., Autism General Order #1*, 2002 WL 31696785 (Fed. Cl. Spec. Mstr. July 3, 2002), and relied upon by the Special Master in *Hamilton.  Hamilton* at *1.  It argues that there, the government argued that the clerk of court is without authority to issue a judgment where a petitioner files a notice of dismissal or the parties stipulate to a

dismissal, and for a judgment to issue, the Special Master must first decide whether compensation is appropriate and include in that decision findings of fact and conclusions of law.  Sanofi Pasteur Inc. Br. at 10.

Sanofi also points to Vaccine Rule 21(a)(3) to explain that a voluntary dismissal of a Vaccine Act petition will not result in a judgment, but the Special Master should instead issue an "order concluding proceedings."  It argues that had the Special Master issued an order concluding proceedings, Ms. Mora's voluntary dismissal would have been without prejudice.  In support of its argument it cites Vaccine Rule 21(a)(2), which provides that "[u]nless the notice or stipulation [of dismissal] states otherwise, the dismissal is without prejudice, . . . ."  It argues that had the Special Master issued an order concluding proceedings, Ms. Mora would have been able to re-file her compensation petition within the statutory limitations period. It cites 42 U.S.C. § 300aa-16(a)(2), which provides that a petitioner may file a petition for compensation within thirty-six months from the date of the occurrence of the first symptom of a vaccine-related injury that occurred as a result of administration after October 1, 1988 of a vaccine set forth in the Vaccine Injury Table.  It explains that because G.G.M.'s symptoms began on September 7, 2012, Ms. Mora would have been able to re-file her petition up until September 7, 2015.  It points out that Ms. Mora filed her motion for relief from judgment on January 21, 2015 and argues that because the Special Master issued a "decision" and the clerk entered a judgment upon that "decision," Ms. Mora was improperly barred from re-filing her petition within the thirty-six-month window as she otherwise could have.

We ordered Ms. Mora and the government to file supplemental briefing to address the issues raised in Sanofi's amicus brief.  In her supplemental brief, Ms. Mora argues a "decision" under the Vaccine Act is a decision on the merits, one that addresses whether compensation is to be

provided and includes findings of fact and conclusions of law pursuant to 42 U.S.C. § 300aa-12(d)(3)(A), and one that is a necessary prerequisite to the entry of judgment. She argues if a petitioner voluntarily dismisses her Vaccine Act petition, the Special Master should issue an order concluding proceedings, not a judgment.

In support of her argument, she identifies Vaccine Rule 10's provision that "the special master will issue a decision on the petition with respect to whether an award of compensation is to be made and, if so, the amount thereof." She identifies Vaccine Rule 11's direction to the clerk of court to enter judgment after "the filing of the special master's decision under Vaccine Rule 10." She also identifies Vaccine Rule 21(a)(3)'s provision that a voluntary dismissal of a petition "will not result in a judgment pursuant to Vaccine Rule 11," but will instead result in the Special Master's issuing "an order concluding proceedings." She argues the Special Master failed to issue a decision on the merits, and therefore the judgment entered following that decision should be considered void.

She argues the unauthorized entry of judgment prejudiced G.G.M. She argues had the Special Master issued an order concluding proceedings, the dismissal of the petition would have been without prejudice, and she could have re-filed her petition within the statutory limitations period. She argues the Special Master's interpreting the parties' agreement as an oral stipulation to dismissal pursuant to Vaccine Rule 21(a)(1)(B) does not establish that the parties ever agreed to a dismissal with prejudice or that the Special Master had ever construed the oral stipulation in that manner. She argues her inability to re-file the petition for compensation is therefore the result of the Special Master's deviation from the Vaccine Act's statutory requirements.

In supplemental briefing, the government concedes that pursuant to Vaccine Rule 21(a)(3), an order conclud-

ing proceedings and not a judgment should have been issued after the dismissal of Ms. Mora's petition. It recognizes that, consistent with its position in the Omnibus Autism Proceeding, a judgment is issued only after a Special Master enters a decision pursuant to 42 U.S.C. § 300aa-12(d)(3). However, it argues that despite the incorrect issuance of a judgment, Ms. Mora still would not have been able to re-file her petition for compensation because her petition was dismissed with prejudice. It argues Ms. Mora sought dismissal of her Vaccine Act petition to pursue a civil action, a petitioner cannot pursue a civil action until exhausting the remedy created by the Vaccine Act, and the remedy created by the Vaccine Act cannot be exhausted by the issuance of a judgment without prejudice. It suggests that under Vaccine Rule 21(a)(1) and (2), a petitioner may voluntarily dismiss a petition and request that said dismissal be prejudicial. It argues therefore that Ms. Mora effectively requested a prejudicial dismissal of her petition in order to pursue a civil action.

Though the issues raised by Sanofi are important and raise legitimate concern over the issuance of a dismissal with prejudice and the entry of judgment, the Special Master should decide these issues in the first instance. The circumstances of this case, which seem to penalize quite severely a now six-year-old paraplegic girl for her attorney's gross negligence, resonate with the remedial principle that Rule 60(b) should be "liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y of Health & Human Services*, 25 F.3d 1021, 1030 (Fed. Cir. 1994).

While Sanofi's arguments, now embraced by Ms. Mora, could be the bases of a separate Rule 60(b) motion, they were not the bases of the motion denied by the Special Master before us. We therefore decline to reach the merits of these arguments in the first instance. We cannot review a decision on a Rule 60(b) motion,

based upon prejudice to Ms. Mora caused by the mistaken entry of judgment, until such motion is first brought before and decided by the Special Master. We note that a litigant can bring successive Rule 60(b) motions. We also note that pursuant to Rule 60(c)(1), a one-year time bar only precludes a motion based on Rule 60(b)(1), (2), or (3) upon the facts of this case.

CONCLUSION

For the foregoing reasons, we *affirm* the decision of the Court of Federal Claims denying the motion for review of the Special Master's decision.

**AFFIRMED**

COSTS

No costs.