# United States Court of Appeals
# for the Federal Circuit

_____

**RACHEL MCCULLOCH, AS PARENT AND LEGAL
GUARDIAN OF A.M.,**
*Petitioner-Appellee*

**v.**

**SECRETARY OF HEALTH AND HUMAN
SERVICES,**
*Respondent-Appellant*

_____

2018-2046

_____

Appeal from the United States Court of Federal Claims
in No. 1:09-vv-00293-CFL, Judge Charles F. Lettow.

_____

Decided:  May 3, 2019

_____

CHRISTINA CIAMPOLILLO, Conway Homer, PC, Boston,
MA, argued for petitioner-appellee.  Also represented by
RONALD C. HOMER.

DANIEL ANTHONY PRINCIPATO, Vaccine/Torts Branch,
Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellant.  Also represented by JOSEPH H. HUNT, ALEXIS B. BABCOCK, C.
SALVATORE D'ALESSIO, CATHARINE E. REEVES.

_____

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Rachel McCulloch, acting as guardian on behalf of her daughter A.M., filed a petition for compensation for vaccine-related injuries under the National Childhood Vaccine Injury Act of 1986, codified as amended at 42 U.S.C. §§ 300aa-1 to -34. After the special master found that A.M.'s injuries justified compensation under § 300aa-15(a), *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 3640610, at *1 (Fed. Cl. May 22, 2015) (*Liability Decision*), the parties agreed on the amounts to be paid, and a decision and judgment on the merits were entered in accordance with the agreement, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2016 WL 7655181, at *1 (Fed. Cl. Nov. 28, 2016) (*Compensation Decision*); J.A. 41–42 (judgment dated Dec. 7, 2016). Neither party sought review by the Court of Federal Claims.

In June 2017, Ms. McCulloch filed a motion requesting an award of attorneys' fees and costs under § 300aa-15(e)(1). In December 2017, the special master awarded fees and costs, and he included in the award amounts to cover the expenses, under Florida guardianship law, of maintaining the guardianship for A.M that had to be maintained as a condition of receiving the full payments that were part of the merits judgment. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2017 WL 7053992, at *10 (Fed. Cl. Dec. 19, 2017) (*Fees/Costs Decision*). When the government appealed the inclusion of those guardianship-maintenance expenses in the fees/costs award, the Court of Federal Claims upheld inclusion of those amounts, but did so under § 300aa-15(a), the provision governing merits awards of compensation, instead of § 300aa-15(e), the fees/costs provision on which the special master relied. *McCulloch v. Sec'y of Health & Human Servs.*, 137 Fed. Cl. 598, 602 (2018) (*CFC Decision*).

In this appeal by the government, we agree with the government that the Court of Federal Claims improperly reopened a final merits judgment by awarding money under § 300aa-15(a). We do not decide whether guardianship-maintenance expenses of the sort at issue here could be awarded under § 300aa-15(a). But we conclude that in this case it was appropriate for the special master to award the guardianship-maintenance expenses under § 300aa-15(e) because Ms. McCulloch incurred a continuing liability to pay such expenses as a condition of receiving, for her daughter, the compensation awarded on the merits in this proceeding. Because the government did not seek modification of the form of the special master's award, and the Court of Federal Claims affirmed the special master's award, we affirm the judgment, though on different grounds from those stated by the Court of Federal Claims.

I

A.M. received a vaccine for human papillomavirus in August 2007. Shortly thereafter, she developed autoimmune limbic encephalitis and an intractable seizure disorder, resulting in cognitive impairment. Two years later, on May 11, 2009, Ms. McCulloch filed a petition under the Vaccine Act on behalf of A.M. On May 22, 2015, the special master found that Ms. McCulloch was entitled to compensation under the statute for A.M.'s injury. *Liability Decision*, at *1. The parties then agreed on the amounts and mechanisms of compensation, and the special master accepted the agreement on November 28, 2016. *Compensation Decision*, at *1.

The merits award represented "compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)." *Id.* It included several lump-sum payments for lost earnings, pain and suffering, past unreimbursable expenses, and satisfaction of a Medicaid lien. *Id.* It also included funding for an annuity to "provide [periodic] payments for the life care items contained in the life care

plan." *Id.* at \*3.  Both the lump-sum and annuity-payout amounts were to be paid to "the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.M." *Id.*  The award was entered pursuant to the government proffer that Ms. McCulloch accepted, *id.* at \*1, and the proffer recognized that Ms. McCulloch "has been appointed as the guardian of A.M.'s estate under the State law of Florida," J.A. 29.  On December 7, 2016, the parties filed a notice that they "d[id] not intend to seek review" of the special master's finding of entitlement or damages, J.A. 40, and the Court of Federal Claims entered judgment, J.A. 41–42.

On June 2, 2017, Ms. McCulloch timely moved for attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1). Along with items not disputed before us, the motion sought to have included in the fees/costs award the expenses of maintaining Ms. McCulloch's guardianship of A.M. under Florida law.  It is undisputed before us that Florida law requires preparation of an annual guardianship plan, Fla. Stat. § 744.367(1); preparation of an annual accounting of the estate, *id.* § 744.367(2); an audit fee associated with preparing the accounting of the estate, *id.* § 744.3678(4); and an annual bond premium, *id.* § 744.474(8).  *See Fees/Costs Decision*, at \*10 ("[Ms. McCulloch] states that the local court 'ordered the guardian post a $200,000 bond' and set the premium on that bond at $860 per year.").  The special master granted Ms. McCulloch's request, determining that she incurred liability for the guardianship-maintenance expenses as required by the statute. *Fees/Costs Decision*, at \*1, \*5–8.  The special master gave the government the option either to pay the guardianship-maintenance expenses as a lump sum or to pay them by funding an annuity for the term of A.M.'s life. *Id.* at \*12.

The government appealed the fees/costs award to the Court of Federal Claims, challenging only inclusion of the guardianship-maintenance expenses, not any other aspect of the award.  The Court of Federal Claims ruled that such

expenses were not properly awardable under the fees/costs provision of the Vaccine Act, 42 U.S.C. § 300aa-15(e). *CFC Decision*, 137 Fed. Cl. at 602. But the court nevertheless upheld the award of the amounts. It concluded that Ms. McCulloch was entitled to the guardianship-maintenance expenses under § 300aa-15(a) either as expenses for "case management services" or as "residential and custodial care and service expenses." *Id.*

The government timely appealed. We have jurisdiction under 42 U.S.C. § 300aa-12(f) and 28 U.S.C. § 1295(a)(3).

## II

The Court of Federal Claims lacked jurisdiction to grant Ms. McCulloch the guardianship fees under § 300aa-15(a). Based on the parties' agreement about the compensation that would be awarded under § 300aa-15(a), the special master rendered his decision on November 28, 2016. When the parties filed a notice that no appeal would be taken, judgment was entered on that decision on December 7, 2016. Given the parties' agreement that this award constituted "compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)," *Compensation Decision*, at *1, the award was not an interim award that could later be supplemented. *See Lerwick v. Sec'y of Health & Human Servs.*, No. 06-847V, 2014 WL 1897656, at *1–8 (Fed. Cl. Apr. 16, 2014) (discussing interim awards under § 300aa-15(a)).

The statute permits only 30 days to seek review of the special master's decision in the Court of Federal Claims, 42 U.S.C. § 300aa-12(e)(1), and we have treated the 30-day period as "jurisdictional," *Widdoss v. Sec'y of Dep't of Health & Human Servs.*, 989 F.2d 1170, 1177 (Fed. Cir. 1993). Neither party appealed from the November 28 decision—or from the December 7 judgment—within the 30 days. There is no justification for departing, in this context, from the broadly applicable rule that finality of a merits judgment is not postponed pending resolution of an issue of

attorney's fees. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988) ("[A]n unresolved issue of attorney's fees . . . does not prevent judgment on the merits from being final."); *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1345 (Fed. Cir. 2001) (same). Indeed, motions for fees and costs under § 300aa-15(e) are treated as separate proceedings under the Vaccine Rules. Ct. Fed. Cl. Vaccine R. 10(c), 13(b). It follows that the merits judgment—compensation under § 300aa-15(a)—was final in this matter, and no longer reviewable on appeal, long before Ms. McCulloch even moved for fees and costs in June 2017, let alone before the Court of Federal Claims was asked to review the special master's ruling on that motion. *See Budinich*, 486 U.S. at 203 (merits ruling not reviewable, where not timely appealed, on appeal from fees ruling).

In the Court of Federal Claims, as in district courts, the governing procedural rules provide in certain circumstances for "relief from a final judgment [or] order"—specifically, based on mistake, newly discovered evidence, fraud, void judgments, satisfied judgments, or "any other reason that justifies relief." Ct. Fed. Cl. R. 60(b). But that authorization does not apply here.

The Supreme Court has held that Rule 60(b) is not a substitute for a timely appeal. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). We have held the same in the context of the Vaccine Act and the Court of Federal Claims rules. *Patton v. Sec'y of Dep't of Health & Human Servs.*, 25 F.3d 1021, 1028 (Fed. Cir. 1994); *Widdoss*, 989 F.2d at 1177–78. To rely on Rule 60(b) here would be to use it simply as a substitute for appeal to seek a change that could have been sought at the time that the appeal opportunity was available but bypassed.

This case is not like *Patton*, where the special master deferred granting pain-and-suffering damages until the attorneys' fees proceeding and then did not include them when ruling on the motion for attorneys' fees. 25 F.3d at

1024. The special master deemed the absence of a ruling on pain-and-suffering damages as an inadvertent error, and we held it rectifiable under Rule 60(b). *Id.* at 1029−30. There is no such error here. The final merits decision and judgment embodied what the parties (and the special master) agreed was a complete resolution of the merits, *i.e.*, of compensation under § 300aa-15(a). Relief under Rule 60(b) was therefore unavailable.

Because we have determined that the Court of Federal Claims lacked jurisdiction to consider awarding expenses for maintaining a guardianship under § 300aa-15(a), we do not reach the issue of the availability of that subsection to award such expenses. Not reaching the merits of the § 300aa-15(a) issue, we indicate neither agreement nor disagreement with the conclusions of the Court of Federal Claims regarding the types of expenses covered by § 300aa-15(a). This court's review of whether § 300aa-15(a) permits compensation for the types of guardianship-maintenance expenses at issue here will have to await another case.

## III

The remaining issue in this case is whether the special master was correct in holding that the guardianship-maintenance expenses at issue were properly awardable under § 300aa-15(e)(1). We conclude that he was.[1]

The subsection embraces "reasonable attorneys' fees" and "other costs" "incurred in any proceeding on [the Vaccine Act] petition." 42 U.S.C. § 300aa-15(e)(1). The government does not take a narrow view of "reasonable attorneys' fees" or "other costs"; for example, it

---

[1]   In so ruling, we do not decide that such expenses are *not* awardable under § 300aa-15(a). We decide neither the scope of § 300aa-15(a) on its own terms nor whether that subsection reaches certain expenses that also fit, in the alternative, under § 300aa-15(e).

acknowledges that the phrases cover expert fees, which have long been awarded under the provision. Oral Arg. at 7:33–43. In particular, the government does not dispute that the guardianship-maintenance expenses fall within "other costs." Notably, it has not challenged the special master's award of the initial guardianship-registration expenses, needed for initial collection of amounts under the merits judgment, as within § 300aa-15(e)(1). J.A. 59, 61−62, 105.

Rather, the government focuses entirely on the "incurred in" language. Even as to that language, the government makes no argument that the expense at issue must be *solely* attributable to the Vaccine Act proceeding; again, the government did not object to inclusion of the expense of initially establishing a guardianship under Florida law, whose purpose presumably was not limited to the Vaccine Act proceeding. The government's only argument is a time-related one: it argues that "incurred in" excludes future payments for guardianship-maintenance expenses simply because they are not yet due to be made. We disagree.

We follow the government part of the way in its analysis. The government relies on this court's decision in *Black v. Secretary of Health and Human Services*, 93 F.3d 781 (Fed. Cir. 1996), as indirectly furnishing a standard for applying "incurred in" for § 300aa-15(e)(1). *See* Gov't Br. at 21−22. There, we explained that the phrase "incurred reasonable expenses" in a different provision of the Vaccine Act "does not refer to anticipated payments or obligations for which liability has not already attached." *Id.* at 786 (Fed. Cir. 1996). We accept, at least for purposes of this case, the borrowing of that formulation to help apply § 300aa-15(e)(1). But we conclude, contrary to the government's position, that the "liability/attached" formulation is best applied in this context to mean that liability for guardianship-maintenance expenses did attach in these Vaccine Act proceedings, because the continuing payment of those

expenses over time is a condition of receipt of the full compensation provided for A.M. in the merits judgment.

*Black* explains that "[i]n ordinary usage, . . . to 'incur' expenses means to pay *or become liable for* them." *Id.* at 785 (emphasis added). In one common usage, a person becomes liable for yet-to-arise expenses at the time of undertaking an obligation to pay those expenses if and when they arise. *See Liability*, Black's Law Dictionary (10th ed. 2014) (defining liability as the state "of being legally obligated or accountable," through civil or criminal penalties); *see also Standard Oil Co. of Ohio v. Fed. Energy Admin.*, 612 F.2d 1291, 1297 n.5 (Temp. Emer. Ct. App. 1979) (holding that a party became liable under a contract "upon signing the contracts . . . not with the delivery" of the goods); *Akerly v. N.Y. Cent. R. Co.*, 168 F.2d 812, 814 (6th Cir. 1948) ("[T]he first, and more inclusive definition [of liability] is 'The state or quality of being liable.' Liable, in turn, is defined as being 'bound or obliged in law or equity; responsible; . . . answerable or exposed to a certain contingency or casualty of an undesired character.'"); *Md. Sav. Share Ins. Corp. v. United States*, No. 154-75, 1980 WL 4700, at *12 (Ct. Cl. Feb. 26, 1980) ("[B]oth sides agree that losses 'incurred' means losses for which the insurer has become liable during the taxable year even if they have not yet been reported to it."). That notion fits the present context much better than the government's notion that no current liability has attached for future years' guardian-maintenance expenses even though maintaining the guardianship is a legal precondition to continuing receipt of the annuity portion of the merits-judgment compensation for A.M.

The compensation-providing judgment limits future payments "to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)." *Compensation Decision*, at *4. To carry out that judgment for the benefit of A.M., Ms. McCulloch had to establish, and she or a successor had to maintain, a guardianship in order to receive the payments for the care of A.M., including the

annuity payments over the course of many years into the future.  The underlying government proffer, agreed to by the parties, recognized that Ms. McCulloch had been appointed as a guardian under the law of Florida, where the family lived.  The current liability for such guardian-maintenance expenses as relevant law required into the future matched, and was the counterpart to, the current right to receive payments into the future.  This situation differs from a situation, discussed in *Ex rel. Crespo v. Secretary of Health and Human Services*, 139 Fed. Cl. 231, 236 (2018), where a Vaccine Act judgment of a lump-sum payment requires only the establishment, but not continuing maintenance, of a guardianship. In the present circumstances, the best application of the government-urged *Black* test is that continuing legally required guardianship-maintenance expenses are incurred in the Vaccine Act proceeding where, as here, their payment is a precondition for continuing receipt of the compensation granted in the judgment.

Accordingly, we agree with the special master that these expenses come within § 300aa-15(e)(1). We note that the special master's order permits the government either to pay a lump sum or to buy an annuity to fund the guardianship-maintenance expenses.  J.A. 26.  That order leaves the possibility of overpayment insofar as it does not expressly provide for cessation of government payments if, for example, a relocation out of Florida leads to a guardianship in another State whose law does not impose comparable maintenance expenses.  But the government in this case made only its more categorical statutory arguments against award of guardianship-maintenance expenses; it did not more narrowly seek a modification of the special master's order to allow for such cessation.  In this circumstance, we affirm the judgment of the Court of Federal Claims, which affirmed the special master's order.

## IV

For the reasons stated in this opinion, we affirm the judgment of the Court of Federal Claims.

**AFFIRMED**