NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GORDON GRAVELLE, OPERATING AS CODEPRO MANUFACTURING,**
*Plaintiff-Appellant*

**v.**

**KABA ILCO CORPORATION,**
*Defendant-Appellee*

---

2020-1370

---

Appeal from the United States District Court for the Eastern District of North Carolina in No. 5:13-cv-00642-FL, Judge Louise Wood Flanagan.

---

Decided:  August 4, 2021

---

GORDON GRAVELLE, Thunder Bay, Ontario, Canada, pro se.

ALBERT P. ALLAN, Allan Law Firm, PLLC, Charlotte, NC, for defendant-appellee.

---

Before NEWMAN, CLEVENGER, and TARANTO, *Circuit Judges*.

PER CURIAM.

Gordon Gravelle filed this case against Kaba Ilco Corp. (Kaba), alleging federal- and state-law wrongs. The district court entered judgment against him on the merits and awarded attorneys' fees against him. After that award became final without his filing an appeal, he filed a motion, under Federal Rule of Civil Procedure 60(b), for relief from the court's fee award. The court denied the motion. *Gravelle v. Kaba Ilco Corp.*, No. 5:13-cv-00642, 2019 WL 6851605 (E.D.N.C. Dec. 16, 2019) (*Rule 60(b) Order*). On Mr. Gravelle's appeal, we affirm the denial of the Rule 60(b) motion.

I

Mr. Gravelle asserted three causes of action against Kaba under the Patent Act, the Lanham Act, and North Carolina law. The district court granted summary judgment in Kaba's favor on the merits of the claims and also awarded attorneys' fees to Kaba. When Mr. Gravelle appealed, we affirmed the summary judgment in Kaba's favor, but we vacated the fee award and remanded for reconsideration of the fees issue. *Gravelle v. Kaba Ilco Corp.*, 684 F. App'x 974 (Fed. Cir. 2017).

On remand, Kaba filed a new motion for fees. When no response from Mr. Gravelle had arrived at court by the due date, the district court granted the motion for attorneys' fees in part, finding that Kaba was entitled to fees for prevailing on the federal claims (but not the state-law claim), but leaving the amount of fees to be determined later. *Gravelle v. Kaba Ilco Corp.*, No. 5:13-cv-00642, 2018 WL 10320623 (E.D.N.C. Mar. 16, 2018) (*Fees Entitlement Order*).

Three days later, on March 19, 2018, the court received Mr. Gravelle's untimely response to Kaba's motion. The court construed the untimely filing as a motion for reconsideration of the March 16, 2018 order. The court denied

the motion, rejecting Mr. Gravelle's argument that he was the true prevailing party in the case. Order, *Gravelle v. Kaba Ilco Corp.*, No. 5:13-cv-00642 (E.D.N.C. Nov. 2, 2018), ECF No. 111 (*Order on Motion to Reconsider*).

Kaba then made a submission detailing the amount of fees it claimed. Mr. Gravelle did not respond to the submission. On August 8, 2019, the court entered an order awarding $68,393.49 in attorneys' fees to Kaba. *Gravelle v. Kaba Ilco Corp.*, No. 5:13-cv-00642, 2019 WL 7584527, at *5 (E.D.N.C. Aug. 8, 2019) (*Final Fees Order*).

On November 1, 2019, Mr. Gravelle filed the Rule 60(b) motion at issue now. He sought relief from the court's grant of attorneys' fees on the ground that the district court should have excused the lateness of his March 19, 2018 filing (based on excusable neglect) and therefore, in deciding the question of entitlement to fees, should have treated the arguments in that filing simply as a response to Kaba's motion for fees, not as a motion for reconsideration (for which his burden was heavier) of the already-entered *Fees Entitlement Order* of March 16, 2018. Appx. 28–29. The lateness of arrival of the March 19, 2018 filing, he said, was caused by a delivery error. In the Rule 60(b) motion, Mr. Gravelle also sought leave to supplement the March 19, 2018 filing to address why fees were not appropriate—specifically to provide "substantial justification" for his litigation behavior, such as his failure to attend a required deposition, which the court considered in granting fees. He merely sought leave to present such justifications; he did not provide them in the Rule 60(b) motion itself.

On December 16, 2019, the district court denied Mr. Gravelle's motion. *Rule 60(b) Order*, 2019 WL 6851605, at *1. The court determined that Mr. Gravelle failed to satisfy the threshold conditions for relief under Rule 60(b) because his Rule 60(b) motion was untimely and failed to demonstrate that he had a meritorious defense to the award of attorneys' fees. *Id.* at *2–3. The court therefore did not

"address whether the mailing delay constitutes excusable neglect." *Id.* at *3 n.2.

Mr. Gravelle timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

We review a district court's denial of a Rule 60(b) motion under the law of the regional circuit, here the Fourth Circuit. *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 818 F.3d 1320, 1324 (Fed. Cir. 2016). We thus review the denial for an abuse of discretion. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). We "do not review the merits of the underlying order but rather only whether the movant satisfied the requirements for Rule 60(b) relief." *Id.*

Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for, among other things, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). A party must first demonstrate "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo*, 895 F.3d at 299. "After a party has crossed this initial threshold, [it] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (alteration in original) (internal quotation marks omitted). Here, the district court determined that Mr. Gravelle failed to meet the first two threshold requirements.

As to timeliness, the district court, noting Mr. Gravelle's reliance on a ground stated in Rule 60(b)(1) ("excusable neglect"), invoked Rule 60(c)(1), which provides that a Rule 60(b) motion on that ground must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Mr. Gravelle filed his Rule 60(b) motion on November 1, 2019. The district court, agreeing with Kaba, concluded that the starting point for the one-year clock was the district court's

March 16, 2018 *Fees Entitlement Order*, because "the mailing delay, which forms the basis of [Mr. Gravelle]'s excusable neglect claim, affected his ability to timely file before the court's March 16, 2018[] order." *Rule 60(b) Order*, 2019 WL 6851605, at *2. The Rule 60(b) motion was filed far more than one year after March 16, 2018, the district court concluded, and was therefore untimely under Rule 60(c)(1).

The district court's reasoning runs into a problem. Under Rule 60 and Fourth Circuit law, Mr. Gravelle could not have filed a Rule 60(b) motion within a year of the court's March 16, 2018 order. Rule 60(b) applies only to a "*final* judgment, order, or proceeding," not to interlocutory orders. Fed. R. Civ. P. 60(b) (emphasis added); *see also* Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). The March 16, 2018 *Fees Entitlement Order* was not a final order on attorneys' fees, but was interlocutory, because it merely resolved entitlement, not the amount. *See Elbit Systems Land & C4I Ltd. v. Hughes Network Systems, LLC*, 927 F.3d 1292, 1303–04 (Fed. Cir. 2019). There was no finality until the district court issued its August 8, 2019 order determining the amount of fees owed—more than a year after the March 16, 2018 order. The Fourth Circuit has recognized that "Rule 60(b) [is] not available for relief from an interlocutory order" and that Rule 54(b) provides the avenue for such relief. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991); *see also, e.g., State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d Cir. 2016); *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701–02 (5th Cir. 2014); *Kapco Mfg. Co. v. C&O Enters., Inc.*, 773 F.2d 151, 153–54 (7th Cir. 1985).

Any error regarding Rule 60(c)(1), however, is harmless, as denial of Mr. Gravelle's Rule 60(b) motion was correct regardless. Mr. Gravelle's motion addresses how the district court considered his March 19, 2018 filing—as a motion to reconsider, not as an ordinary (but excusably late) response to Kaba's motion for fees. *See Order on Motion to Reconsider* at 2–3 (applying the standard under Rule 54(b) for reconsideration of interlocutory orders). Although Mr. Gravelle could not have appealed the interlocutory *Fees Entitlement Order* or interlocutory *Order on Motion to Reconsider* when issued, he could have appealed them once final judgment was entered on attorneys' fees on August 8, 2019. Mr. Gravelle did not do so, but instead waited until after the time for an appeal had passed, *see* 28 U.S.C. § 2107 (providing 30 days to appeal following entry of a judgment or order), and filed a Rule 60(b) motion. Having failed to appeal the district court's order after it became final, however, Mr. Gravelle cannot use Rule 60(b) as a substitute to challenge the merits of the order. *See, e.g.*, *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010); *Wells Fargo*, 859 F.3d at 300 (holding a Rule 60(b) motion to be untimely after the movant failed to timely appeal); *see also McCulloch v. Sec'y of Health & Hum. Servs.*, 923 F.3d 998, 1001 (Fed. Cir. 2019) ("To rely on Rule 60(b) here would be to use it simply as a substitute for appeal to seek a change that could have been sought at the time that the appeal opportunity was available but bypassed."). For that reason, Mr. Gravelle did not present his excusable-neglect claim, which he first raised in his Rule 60(b) motion, until it was too late.

In any event, the district court's denial of the Rule 60(b) motion must be affirmed for an independent reason. Timeliness aside, the district court determined that Mr. Gravelle failed to present "a meritorious defense," *Wells Fargo*, 859 F.3d at 299, to the award of attorneys' fees. In his Rule 60(b) motion, he merely requested "leave to supplement his prior opposition papers to Kaba's motion for attorney fees"

and stated that he would, if permitted, give "substantially justified reason[s]" for not disclosing documents or attending his deposition. Appx. 35. The district court faulted him for not providing the justifications for these actions in the motion itself. *See Rule 60(b) Order*, 2019 WL 6851605, at *2 (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). On appeal, Mr. Gravelle argues that he filed an affidavit that supports his meritorious defense. *See* Gravelle Br. at 1–2. But he filed that affidavit, not with his motion, but only after Kaba responded to the motion. We cannot say that the court abused its discretion in not considering the submission made only at that stage. *See Rule 60(b) Order*, 2019 WL 6851605, at *2.

## III

For the foregoing reasons, we affirm the district court's order.

The parties shall bear their own costs.

**AFFIRMED**